## SCHWARTZ *v.* TUCHMAN.

1. EQUITY—JURISDICTION TO ENFORCE PARTIAL ASSIGNMENT.

   A partial assignment of a chose in action is enforceable in equity, although the debtor has not given his assent, provided that all the parties in interest are before the court, so that the rights of each in the fund may be determined in one suit and settled in one decree.[1]

2. SAME.

   A real estate salesman, to whom was assigned part of a commission earned, may maintain a suit in equity to enforce said partial assignment when he has no right of

[1]Assignments, 5 C. J. § 206.

action against either his assignor or the debtor, where all the parties interested are before the court.[2]

3. APPEAL AND ERROR — SUPREME COURT DISPOSES OF CASE ON RECORD PRESENTED.

In a suit to enforce a partial assignment of a broker's commission, where defendants offered no testimony in support of any of the defenses raised in their answer, but by motion to dismiss elected to rest upon the case presented by plaintiff, and the broker in question admitted plaintiff's right, the Supreme Court, on appeal, must dispose of the issues as presented by the record.[3]

4. EQUITY — SUIT TO ENFORCE PARTIAL ASSIGNMENT — BILL SUSTAINED ONLY AGAINST DEFENDANT HAVING THE FUND.

Where, in a suit to enforce a partial assignment, it appears that the fund out of which payment should be made went into the hands of one of the defendants, the bill should be dismissed, with costs, as to the other defendants.[4]

Appeal from Wayne; Codd (George P.), J.    Submitted June 16, 1925.    (Docket No. 53.)    Decided October 1, 1925.

Bill by Chester L. Schwartz against David Tuchman, Fred Paterson and others to enforce a partial assignment of a commission on an exchange of real estate. William G. Donne was permitted to intervene as a party plaintiff.    Defendants Paterson filed a cross-bill asking affirmative relief.    From a decree dismissing the bill and cross-bill, plaintiffs appeal.    Reversed, and decree entered for plaintiffs and defendants Paterson.

*Samuel Shimans* (*Paul J. Wieselberg,* of counsel), for plaintiffs.

*Maurice T. Paterson,* for defendants Paterson.

*Arthur J. Hass,* for defendant Tuchman *et al.*

[2]Equity, 21 C. J. § 95; [3]Appeal and Error, 4 C. J. § 2579; [4]Assignments, 5 C. J. § 206 (Anno).

McDONALD, C. J.    This is an appeal from a decree dismissing a bill to enforce a partial assignment of a fund alleged to be in the hands of some of the defendants.    Defendants Tuchman and Stellwagen entered into an agreement to exchange properties. Tuchman's property consisted of eight stores with a garage in the rear, located at the corner of Shoemaker and St. Clair avenues in the city of Detroit.    Stellwagen had a farm in Sumpter township in Wayne county.    The exchange agreement is in the form of a written offer to Paterson brothers and an acceptance by Stellwagen.    The material part of the offer is as follows:

"This offer is made with the understanding that you will negotiate a mortgage of ten thousand ($10,000) dollars to be placed on the above described farm.    Proceeds of which I will use to pay the forty-nine hundred ($4,900) dollars incumbrance mentioned above, together with your commission amounting to two thousand two hundred eighty ($2,280) dollars; the balance to revert to me."

Paterson brothers are the real estate brokers who brought the parties together and who handled the transaction for Tuchman.    The plaintiff Donne was employed by Paterson brothers on a commission basis. He was given active charge of the business in question and to assist him he employed the plaintiff Schwartz. This was done with the consent of Paterson brothers. Acting, as he claims, under authority from Paterson brothers, Donne gave Schwartz the following assignment of a portion of the commission:

"April 16, 1923.
"To Mr. DAVID TUCHMAN:
"We agree in consideration of signing this day agreement covering offer to sell property on St. Clair and Shoemaker avenues, that if for any reason deal shall not be consummated then there shall be no liability of any kind for commission.
"Also you may upon written request of Chester L.

Schwartz deduct one-third of commission from sum to be paid by you and Mr. Stellwagen and deduct from commission."

The bill avers that the agreement for the exchange of properties was consummated, but that Tuchman declined to pay the broker's commission; that in accordance with a custom which they followed Paterson brothers refused to sue for the commission; and that, having no action at law against any of the parties, Mr. Schwartz was compelled to file this bill to enforce the assignment which he had received from Paterson brothers. Mr. Donne was permitted to intervene as a party plaintiff. The defendants, Paterson brothers, filed an answer in the nature of a cross-bill in which they admit that plaintiffs are collectively entitled to one-half of the commission and that they, Paterson brothers, are entitled to the other half, and they pray that their portion of the commission may be decreed to them. The answer of the other defendants denies that any commission is due to the plaintiffs or to Paterson brothers, and asserts that in any event their claims should be prosecuted in an action at law. On the hearing the defendants offered no testimony, but at the close of the plaintiffs' case made a motion for a dismissal of the bill. The court dismissed the bill on the ground that the plaintiffs had an adequate remedy at law. From the decree entered the plaintiffs have appealed.

The only question presented by the record is whether a court of equity has jurisdiction to hear and to determine the issue involved. At the conclusion of the plaintiffs' case, responding to defendants' motion to dismiss the bill, the circuit judge said:

"Any claim that exists is a claim against Paterson Bros. & Company, if any exists. That is purely a legal action. His claim, under his own testimony, was for a part commission that Paterson brothers have not collected. If they do not see fit to collect a com-

mission, that is their matter and their business. If he is entitled to one-third, or whatever he claims, 700 odd dollars, he can substantiate that by an action at law."

As the record stands it shows that there came into the hands of defendant Tuchman $2,280 which he had agreed in writing to pay to Paterson brothers for their commission. Paterson brothers assigned one-third of this fund to the plaintiff Schwartz as compensation for his services in assisting in negotiating an exchange of the properties. This assignment was accepted by Mr. Schwartz and it is not claimed that it was an insufficient partial assignment of the commission due or to become due to Paterson brothers. The question is, Can it be enforced in equity?

"A partial assignment of a chose in action is enforceable in equity, although the debtor has not given his assent, provided that all the parties in interest are before the court, so that the rights of each in the fund may be determined in one suit and settled in one decree." 2 R. C. L. p. 619, § 27, and cases cited.

"At law, a partial assignment may be good between the parties, and if the assignor collects the money, he would in such case hold it as the trustee of the assignee. But the assignee has no legal remedy against the debtor who does not become a party to the arrangement. The reason for the legal doctrine is obvious. The law permits the transfer of an entire cause of action from one person to another, because in such case the only inconvenience is the substitution of one creditor for another. But if assigned in fragments, the debtor has to deal with a plurality of creditors. If his liability can be legally divided at all without his consent, it can be divided and subdivided indefinitely. He would have the risk of ascertaining the relative shares and rights of the substituted creditors. He would have, instead of a single contract, a number of contracts to perform. A partial assignment would impose upon him burdens which his contract does not compel him to

bear. * * * In a court of equity, however, the objections to a partial assignment of a demand which are formidable in a court of law disappear. In equity the interests of all parties can be determined in a single suit. The debtor can bring the entire fund into a court and run no risk as to its proper distribution. If he be in no fault no costs need be imposed upon him, or they may be awarded in his favor. If he be put to extra trouble keeping separate accounts he can, if it is reasonable, be compensated for it. In many ways a court of equity can, while a court of law with its present modes cannot protect the rights and interests of all parties concerned.

"The debtor is not the only party whose interests should be considered. There is as much natural equity in many cases in protecting an assignment of a part of a claim as an assignment of the whole of it. * * *

"We think upon reason and principle, partial assignments should be sustained in a court of chancery in all cases where it can be done without detriment to the debtor or stakeholder, whenever equitable and just results may be accomplished by it." *Exchange Bank* v. *McLoon,* 40 Am. Rep. 388 (73 Me. 498).

See, also, 3 Pomeroy's Equity Jurisprudence (4th Ed.), § 1280.

It is not necessary to cite other cases in support of this doctrine. It is settled by a great array of authorities.

But it is said that the plaintiff cannot maintain this action in equity to enforce his assignment, because he has an adequate remedy at law. Against whom has he an action at law? Not against Paterson brothers, because they have paid their debt to him by the assignment, by which they deprived themselves of ownership and all control over a definite portion of a particular fund. He has no action at law against them unless, ignoring the assignment, they had collected the whole fund. This they did not do. He has no action at law against Tuchman because Tuchman never promised to pay him any part of the fund.

Tuchman had a right to pay his debt *in solido*, and he cannot be compelled to pay it in piecemeal, except upon his positive promise to do so.    The plaintiff had no such promise, but he had an assignment of part of a particular fund enforceable only in equity. The circuit court had jurisdiction of the matters involved.    All of the parties interested were before the court and their respective rights should have been determined.

The defendants offered no testimony in support of any of the defenses raised in their answer, but by their motion to dismiss elected to rest upon the case presented by the plaintiff.    We must dispose of the issues on the record before us.    It shows that Mr. Tuchman became indebted to Paterson brothers for a broker's commission in the sum of $2,280, and that Paterson brothers, Schwartz and Donne, got together in an agreement for a division of the commission.    In their brief, Paterson brothers say:

"On behalf of Paterson brothers, defendants and appellees, it is hereby conceded that plaintiff Donne is entitled to one-half of the commission earned by Paterson brothers under the terms of Exhibit 2, after deducting therefrom the commission due plaintiff Schwartz as assigned to him under the terms of Exhibit 3."

As the evidence shows that the money out of which the commission was to be paid went into the hands of Tuchman, the bill should be dismissed, with costs, as to the other defendants, Stellwagen and Dreifuss. A decree will be entered in this court requiring the defendant Tuchman to pay to Paterson brothers, Schwartz and Donne, respectively, the sum of $760, with costs.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.