KOSANIC v. PREFERRED AUTOMOBILE INSURANCE CO.

1. INSURANCE—AUTOMOBILE POLICY—DEFENSE OF SUITS—COLLISION COVERAGE—PUBLIC LIABILITY—INDEPENDENT ACTIONS.

The right of action by an insured under clauses of an automobile insurance policy relating to insurer's duty to defend actions brought against the insured and to pay for damages to the insured's own car is entirely independent of the right of action against the insured by one who has been injured as a result of the operation of the insured car, the liability of the insurer to the insured on the two clauses first mentioned being over and above the insurer's liability to pay on the judgment against the insured obtained by the injured party.

2. JUDGMENT—GARNISHMENT—PUBLIC LIABILITY—INSURED'S ACTION AGAINST INSURER—DEFENSE OF SUITS—COLLISION COVERAGE—SPLITTING CAUSE OF ACTION.

After a party injured by an insured motorist collects portion of judgment against insured by means of garnishment proceedings against the insurer, the insured would not be barred from recovering the expense to which she was put in defending the action brought against her by the injured party nor from recovering the damages to insured's own car under pertinent clauses of the policy on the theory that there was a splitting of causes of action against the insurer, especially where such two items of the insurer's liability to the insured had not been litigated in the garnishment proceeding in which the insured was not a party.

Payment by garnishee discharges his duty to extent of payment, see Restatement, Conflict of Laws, § 108, comment c.

3. INSURANCE—PUBLIC LIABILITY—NONDISCLOSURE IN GARNISHMENT —DEFENSE OF SUITS—COLLISION COVERAGE.

> Insurer under automobile insurance policy, which has been compelled to pay on its liability thereunder for personal-injury damages by way of garnishment proceedings in which it had denied any liability to the insured, may not, by reason of such nondisclosure, enrich itself and thereby escape liability to the insured under clauses relating to defense of actions against insured and for payment of damages to the insured's car.

SHARPE, J., dissenting.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted October 3, 1945. (Docket No. 4, Calendar No. 43,107.) Decided March 4, 1946.

Assumpsit by Anne Radakovitz Kosanic against Preferred Automobile Insurance Company on an automobile insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Henry L. Beers,* for plaintiff.

*Harry E. Rodgers* and *Steg J. Lignell,* for defendant.

SHARPE, J. (*dissenting*). The facts in this case have been stipulated. On August 30, 1940, defendant Preferred Automobile Insurance Company issued to plaintiff Anne Radakovitz, now Kosanic, a policy of automobile insurance. The coverage provided included among others, retention collision; personal liability for injury to one person up to $5,000, and, subject to the limit for each person, personal liability to all persons injured in one accident up to $10,000; and an obligation to defend any suit arising from the ownership of the insured vehicle.

On November 24, 1940, plaintiff's automobile, insured under the mentioned policy, collided with

another automobile in which one Feigh Hatfield was a passenger. As a result of this collision, Feigh Hatfield was injured and the insured automobile was damaged to the extent of $510.95.

Feigh Hatfield brought action against Mrs. Kosanic, plaintiff in the case at bar. Mrs. Kosanic notified defendant insurance company of the impending action and demanded that it defend her in accordance with the terms of the policy. The insurance company declined to defend the action, claiming that the policy was not in force at the time of the collision. Mrs. Kosanic then engaged the services of Noel Fox, a Muskegon attorney, to conduct her defense at an expense to her of $275. The action was tried and resulted in a judgment for Feigh Hatfield for damages and costs of $8,072.30. On September 18, 1942, Feigh Hatfield caused a writ of garnishment to be issued which was served on defendant insurance company. Defendant disclosed that it was not indebted to Anne Radakovitz (Kosanic) in any amount. The trial resulted in a judgment in favor of Feigh Hatfield as against defendant insurance company in the sum of $5,276.56 damages and $68.60 costs. Defendant insurance company paid this judgment December 14, 1942.

On November 29, 1943, the instant case was brought by Mrs. Kosanic to recover under the mentioned policy for damages to plaintiff's automobile in the sum of $510.95 and the $275 paid to defend the Feigh Hatfield action and another arising out of the same accident. Defendant insurance company filed an answer to plaintiff's declaration and set up as an affirmative defense that the judgment in the garnishment action is a final and conclusive adjudication of the indebtedness of defendant insurance company to plaintiff as it existed on the date that the writ of garnishment was served on it.

The issue thus framed came on for trial before the court without a jury. On December 2, 1944, a judgment for plaintiff in the sum of $785.95 was entered. Defendant appeals and urges that the two items of damages were owing by defendant to plaintiff herein when the writ of garnishment was served; that the indebtedness due plaintiff arose from a single breach of contract; that the cause of action cannot be split and a portion assigned to Mrs. Kosanic either by direct assignment or failure to recover the full amount due; and that the question of defendant's liability to plaintiff herein as well as the amount thereof was in issue and adjudicated by the garnishment trial and judgment.

In coming to our conclusion in this case we have in mind that at the time the garnishment proceedings were instituted and the writ served, the garnishee defendant was indebted to plaintiff in the instant case for an attorney fee which was ascertainable and later determined to be $275 and for damage to her automobile, subsequently proven to be $510.95 as well as the sum of $5,000 provided for in the insurance policy (see 3 Comp. Laws 1929, § 14858, as amended by Act No. 182, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 14858, Stat. Ann. 1945 Cum. Supp. § 27.1856]); that when a judgment was rendered against the garnishee defendant in the garnishment proceedings the items of attorney fee and car damage were not included in said judgment; and that these items could have been recovered by plaintiff in the garnishment proceedings.

We shall first discuss the claim made by defendant that the action by Feigh Hatfield in the garnishment case and action by plaintiff in the instant case result in a splitting of plaintiff's original cause of action. The rule against splitting causes of action

and the reasons for such rule are well set forth in the following cases.

"It is a well-settled rule that an entire claim or demand arising out of a single transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims, and the same form of action brought for each, or two suits maintained, without defendant's consent." *Continental Insurance Co.* v. *H. M. Loud & Sons Lumber Co.,* 93 Mich. 139 (32 Am. St. Rep. 494).

In *Jensen* v. *Gamble,* 191 Mich. 233, 238, we said:

"There can be no doubt that the rule of law against the splitting of a single cause of action into several actions is founded upon the plainest and most substantial justice; that is, that litigation should have an end, and that no person should be unnecessarily harassed with a multiplicity of suits.

"The rule that a single cause of action cannot be split and made the subject of several actions applies, as a rule, where the cause is in favor of several persons jointly or against several persons jointly, and since a plaintiff having an entire indivisible demand cannot divide it into distinct parts, and maintain separate actions on it, so he cannot accomplish the same result by an assignment of a part of his demand, thereby enabling others to do what he could not do. 1 R. C. L. p. 341, and cases cited; 23 Cyc. p. 439 *et seq.*"

In *Kruce* v. *Lakeside Biscuit Co.,* 198 Mich. 736, 742, we said:

"We conclude that, where several claims are involved, or due and payable under one and the same contract at the time of bringing suit, such claims must be brought in one action in order that the defendant may not be harassed by a multiplicity of suits."

In *A. Krolik & Co.* v. *Ossowski,* 213 Mich. 1, 7, we said:

"The law abhors multiplicity of suits. Attempts to split a claim into separate causes of action have often met with disfavor."

In *Ginsburg* v. *McBride,* 248 Mich. 221, we said:

"The rule is well established that, in the absence of an agreement to the contrary, a plaintiff cannot divide a claim against another and make it the subject of several actions. Should he do so, the judgment first recovered is, a bar to a second or subsequent action for the residue of the claim."

In *Loud* v. *General Builders Supply Co.,* 249 Mich. 331, we quoted the following with approval:

" 'There is no, principle of law which prohibits a person who has a claim against another from taking a part in satisfaction of the whole, and therefore he may maintain an action for a part only of the claim. But the rule is fully established that in the absence of an agreement to the contrary he cannot divide his claim and make it the subject of several actions. Hence if he sues for a part only of his claim a judgment obtained by him in the action is a bar to a second action for the residue of the claim, be it much or little, and irrespective of the question whether the second form of action was or was not identical with the first. The rule of law against the splitting of a single cause of action into several actions is founded upon the plainest and most substantial justice, that is, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits. It is the right of every litigant to have his cause once submitted to the arbitrament of the law; when it is there decided the peace of society demands that it should be at rest forever. It is a principle on which the repose

of communities depends.' 1 R. C. L. pp. 341, 342, citing many authorities from various jurisdictions."

In the case at bar defendant insurance company, by issuing its policy of insurance to plaintiff, contracted with plaintiff to do three things in the event that plaintiff had an automobile collision, *i.e.,* to pay the cost of repairing plaintiff's car, to defend her in a suit by a third party, and to pay for any judgment up to $5,000 that might be rendered against plaintiff.

Under the garnishment proceedings Feigh Hatfield, plaintiff therein, was entitled to and could have recovered all moneys that the insurance company owed Anne Radakovitz Kosanic, but for reasons unknown she chose to omit the items heretofore mentioned and took a judgment for the claim for personal injuries. Under the cited cases Feigh Hatfield could not have successfully brought a second action against the insurance company for the omitted items, nor can plaintiff in the case at bar successfully bring a second action against the insurance company to recover for claims growing out of the insurance policy.

Under the authority of the *Jensen Case, supra,* Mrs. Kosanic could not assign a part of her claim to Feigh Hatfield and each bring action for their interest in the cause of action. In the case at bar, Mrs. Kosanic had three items of damages against the insurance company by virtue of her insurance policy. Under the authority of the *Kruce Case, supra,* such damages must be recovered in one action against the insurance company. The action of Feigh Hatfield in bringing the garnishment action against the insurance company for one of the items owing by the insurance company and the action by Mrs. Kosanic in bringing another action against the same defendant for the omitted items results in a splitting of Anne Radakovitz Kosanic's original cause of action

against the insurance company and is contrary to the well-established law in this State. The judgment in the garnishment proceedings is a bar to further recovery by Mrs. Kosanic against defendant.

The judgment should be reversed, with costs to defendant.

BOYLES, J. I do not concur in reversal.

Anne Kosanic, plaintiff herein, had an automobile insurance policy issued by the defendant insurance company, in which the defendant agreed to defend any suit against her arising from the ownership of the insured vehicle; second, to pay any damages for personal injury to others up to a certain amount; and, third, to pay to plaintiff the damages to her car resulting from collision.

Plaintiff Kosanic had a collision and was sued by Mrs. Hatfield. The insurance company refused to defend the suit and Kosanic spent $275 attorney fees in doing so. Mrs. Hatfield got a judgment against Kosanic and garnisheed the insurance company, under the statute, on the policy. The insurance company filed a disclosure denying liability. The garnishment case was tried and Mrs. Hatfield got a judgment against the insurance company for the full amount of the insurance company's liability for personal injuries to any one person, which the insurance company paid. Mrs. Hatfield's husband was also injured in the same collision, sued Anne Kosanic, got a judgment against her, and the insurance company paid this also. Then Kosanic, in the case now before us, sued the insurance company to recover the $275 she had paid in defending the Hatfield suits, and also to recover the damages to her automobile. Kosanic had judgment for $785.95 from which the defendant insurance company appeals. Only one question is presented for decision.

Justice SHARPE writes for reversal, on the ground that plaintiff Kosanic is trying to split her causes of action and that she cannot recover. The effect of such a holding would be that when the insurance company has been garnisheed and compelled to pay the damages for personal injuries sustained by someone which arise out of a collision with a car insured by the company, and for nothing else, the insurance company's liability is at an end and the insured cannot recover against the insurance company for the damages to her own car or for her expense of defending the lawsuit, although admittedly both these items are covered by other separate and distinct provisions in the policy.

The fallacy in this argument lies in the fact that Kosanic's right of action against the insurance company is entirely independent of the Hatfields' right of action against her. Kosanic was not a party in Hatfield's garnishment suit against the insurance company. Nor, as will be pointed out, was the subject matter of her present suit litigated in the garnishment suit. She now sues the insurance company on her contract of insurance whereby the insurance company separately agreed to defend her in the litigation with Hatfield, and also separately agreed to pay her the damages to her automobile arising out of collision. The liability of the insurance company for these two items is over and above its liability to pay $5,000 on the judgment obtained by Hatfield against her for personal injuries arising out of her negligent operation of her automobile, which was the only subject matter litigated in the garnishment suit.

Kosanic is not barred from recovery against the insurance company on her policy for the damages to her automobile and her expenses of the litigation with Hatfield on the theory that she is splitting her causes of action. Certainly she had no cause of

action *against Hatfield* in which she, Kosanic, could recover from Hatfield for her attorney fees that she spent in defending the very suit that Hatfield brought against her. Neither could she recover *against Hatfield* for the damages to her own car, after Hatfield had recovered her damages against Kosanic on the theory that Kosanic was negligent. But the defendant insurance company contracted to pay these items to plaintiff, and the amounts are not here in dispute.

We are not called upon to consider whether Hatfield may have a second garnishment proceeding against the insurance company for any further sum the insurance company may be found to owe the plaintiff. In the garnishment suit the insurance company denied liability to the plaintiff *in toto*. There was no disclosure by the defendant insurance company admitting liability for money or debt then due, *or to become due,* to plaintiff herein under the policy. In the garnishment suit Hatfield recovered from the insurance company $5,000, the full amount of the company's agreed liability for personal injuries to any one person. The company also paid Mr. Hatfield a lesser sum, because of its liability in any one accident not to exceed $10,000. That does not relieve the insurance company from reimbursing plaintiff for her expense of defending Hatfield's suit, and for the damages to her automobile, both of which items the insurance company agreed to pay plaintiff under other provisions in its policy, separate and distinct from its liability to pay personal-injury damages. The record before us indicates that the insurance company in filing disclosure in the garnishment suit did not disclose any liability to plaintiff herein for attorney fees, or for damages to her automobile by collision. The insurance company, in the garnishment suit, denied liability *in toto,* and

did not pay over to Hatfield as garnishee plaintiff any sums it might owe plaintiff herein for attorney fees or damages to her automobile. Had it disclosed such liability either due, or to become due, to Kosanic and been compelled to pay the same, there would be more merit to the defense interposed by the insurance company in the present case that plaintiff was splitting her causes of action, and that the insurance company should not now be held twice liable, first to Hatfield in the garnishment suit, and, a second time, to plaintiff herein for payment of her attorney fees and the damages to her automobile. The insurance company cannot now enrich itself by taking advantage of its failure to disclose its full liability in the garnishment suit and in that way escape its liability under the insurance contract to pay plaintiff's attorney fees and damages to her automobile under its contract of insurance.

The judgment for plaintiff must be affirmed, with costs.

BUTZEL, C. J., and CARR, BUSHNELL, REID, NORTH, and STARR, JJ., concurred with BOYLES, J.