# STATE OF MICHIGAN

# COURT OF APPEALS

HENRY FORD HEALTH SYSTEM,

        Plaintiff-Appellant,

v

EVEREST NATIONAL INSURANCE
COMPANY,

        Defendant-Appellee.

FOR PUBLICATION
November 20, 2018
9:00 a.m.

No. 341563
Lapeer Circuit Court
LC No. 17-051075-NF

Before: O'BRIEN, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

In this action for recovery of personal protection insurance (PIP) benefits payable under the no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals as of right an order granting summary disposition in favor of defendant. Because we agree that the trial court erred by enforcing an anti-assignment clause contained in defendant's insurance policy, we reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

On July 30, 2016, Jennifer Quinn was involved in a motor vehicle accident. At the time of the accident, Quinn was insured under a no-fault insurance policy issued by defendant. Quinn received treatment from plaintiff, incurring medical expenses in excess of $200,000, which defendant refused to pay. On or about July 31, 2017, Quinn executed an assignment of rights, providing, in pertinent part, as follows:

> This is an assignment of the right to enforce payment of charges incurred only for Services arising out of the July 30, 2016 accident, for which charges are payable under any policy of insurance, contract and/or statute. Such assignment shall include, in Assignee's sole discretion, the right to pursue appeal of a payment denial under any procedure outlined in any insurance policy, contract or statute and/or the right to file a lawsuit to enforce the payment of benefits due or past due for these Services incurred and resulting charges.

Plaintiff initiated this action the same day, seeking payment for services provided to Quinn.

-1-

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the subject insurance policy unambiguously precluded Quinn from assigning her rights without defendant's consent. Defendant also asserted that because Quinn only assigned "the portion of her claim relating to [plaintiff]'s bills," rather than her entire cause of action, the partial assignment was invalid. Plaintiff opposed the motion on numerous grounds. Of significance to this appeal, plaintiff asserted that the purported anti-assignment clause was ambiguous, unenforceable in the context of a postloss assignment of the right to payment for past or presently due benefits, and void pursuant to provisions of the Uniform Commercial Code (UCC), MCL 440.1101 *et seq.*, requiring that security interests in a health-care-insurance receivable remain freely assignable.

The trial court ruled that plaintiff's complaint against defendant was barred under the terms of the insurance policy. The court reasoned that Quinn's failure to obtain defendant's written consent before assigning her rights triggered a separate clause of the policy that precluded suit against defendant in the absence of full compliance with the terms of the policy. The trial court also rejected plaintiff's contention that the anti-assignment clause was invalid under the UCC because "[t]he assignee by operation of the statute is only a secured creditor who may assert rights to the health-insurance receivable against the assignor or lower priority creditors, but not against the account debtor (in this case the insurer)." Accordingly, the trial court granted defendant's motion for summary disposition and dismissed plaintiff's complaint with prejudice.

## II. STANDARD OF REVIEW

We review a trial court's ruling on a summary disposition motion de novo. *Robins v Garg (On Remand)*, 276 Mich App 351, 361; 741 NW2d 49 (2007). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Dancey v Travelers Prop Cas Co*, 288 Mich App 1, 7; 792 NW2d 372 (2010) (quotation marks and citation omitted). Issues involving the proper interpretation of statutes and contracts are also reviewed de novo. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012).

## III. ANALYSIS

Plaintiff maintains on appeal that, acting as assignee of Quinn's claim, it was entitled to recover past and presently due benefits for the services it rendered to Quinn for her accident related injuries. According to plaintiff, to the extent that the pertinent clause in defendant's insurance contract is construed as an anti-assignment clause, it was inoperative to bar assignment of an accrued cause of action under Michigan law. We agree.

"Insurance policies are contracts and, in the absence of an applicable statute, are subject to the same contract construction principles that apply to any other species of contract." *Id*. at 554 (quotation marks and citation omitted). Under traditional principles of contract construction, "unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). A contract is ambiguous "if it is equally susceptible to more than a single meaning." *Barton-Spencer v Farm Bureau Life*

*Ins Co of Mich*, 500 Mich 32, 40; 892 NW2d 794 (2017). Because the contract at issue involves mandatory PIP benefits required by the no-fault act, the contract and statutes must be "read and construed together as though the statutes were part of the contract . . . ." *Titan Ins Co*, 491 Mich at 554 (quotation marks and citation omitted).

The contractual provision at issue in this case states, in pertinent part, "Interest in this Policy may not be assigned without our [defendant's] written consent." Plaintiff contends that this provision should be read as an anti-transfer clause, prohibiting the insured from assigning the policy to someone else without consent, rather than a limitation upon the insured's ability to assign an accrued right to recovery under the policy. The policy does not define the term "interest." Thus, in determining the meaning of the word, it is appropriate to consult a dictionary. *Vushaj v Farm Buraeu Gen Ins Co of Mich*, 284 Mich App 513, 515; 773 NW2d 758 (2009). Relevant to interpreting this provision, *Black's Law Dictionary* defines "interest" in both a "collective" and "distributive" sense. "Collectively, the word includes any aggregation of rights, privileges, powers, and immunities; distributively, it refers to any one right, privilege, power, or immunity." *Black's Law Dictionary* (10th ed). Plaintiff's interpretation is too narrow in that it focuses solely on the first half of the definition, while ignoring the latter. Nor does the dual nature of the term leave it equally susceptible to more than one meaning. Instead, "interest" can only be reasonably understood as referring to both collective rights *and* "distributive" or individual rights. By using a broad term like "interest" in this provision, the policy should be reasonably construed as prohibiting assignment of *any* interest—that is, interest in the policy itself or interest in specific benefits arising under the policy—without written consent from defendant. Because we construe this provision as unambiguously prohibiting assignment of any interest without defendant's consent, we must enforce the provision as written unless it violates law or a traditional defense to enforceability applies. *Rory*, 473 Mich at 461.

Another panel of this Court recently considered the enforceability of an unambiguous anti-assignment clause in a no-fault insurance policy in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 340370). There, the Court determined that resolution of this issue turned on application of precedent established in *Roger Williams Ins Co v Carrington*, 43 Mich 252; 5 NW 303 (1880), in which the Court declined to enforce an anti-assignment clause when the assignment was made after a loss of insured property had occurred. *Shah*, ___ Mich App at ___; slip op at 8. The *Shah* Court explained:

> Our Supreme Court in *Roger Williams* essentially held that an accrued cause of action may be freely assigned after the loss and that an anti-assignment clause is not enforceable to restrict such an assignment because such a clause violates public policy in that situation. *Roger Williams*, 43 Mich at 254. Here, there similarly was an accrued claim against [an] insurer that was held by [the insured] for payment of health care services that had already been provided by [the healthcare providers] before [the insured] executed the assignment. Under *Roger Williams*, any contractual prohibition against the assignment of that claim to plaintiffs was unenforceable because it was against public policy. *Id*.

> Therefore, we conclude that enforcement of the anti-assignment clause in the instant case is unenforceable to prohibit the assignment that occurred here—

an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court. *Roger Williams*, 43 Mich at 254; *Rory*, 473 Mich at 469-471. [*Shah*, ___ Mich App at ___; slip op at 9.]

The relevant circumstances presented in this case are identical to those at issue in *Shah*. That is, like the insured party in *Shah*, Quinn was injured in an automobile accident and received treatment that was alleged to fall within the scope of allowable expenses for which she could seek PIP benefits under the no-fault act. See *id*. at ___; slip op at 1. After the services were rendered, Quinn assigned her right to payment for those services to her healthcare provider, despite an unambiguous anti-assignment clause contained in the insurance policy. See *id*. at ___; slip op at 2-3. Given the clear parallels between these cases, we are bound by the resolution of this very issue in *Shah*. MCR 7.215(J)(1).[1] Accordingly, we must conclude that the anti-assignment clause in defendant's policy is unenforceable because it is contrary to public policy. See *Shah*, ___ Mich App at ___; slip op at 9.

Defendant presents two additional arguments for affirming the trial court's ruling that were not addressed in *Shah*. First, defendant contends that Quinn could not assign her right to payment of PIP benefits because she had not fully performed her obligations under the policy. According to defendant, Quinn's "duties under the policy are ongoing" and her performance of "these ongoing obligations . . . is essential to [defendant]'s ability to review and consider claims." But apart from these vague references, defendant fails to identify what "ongoing" duties or obligations Quinn has concerning the claims she assigned to plaintiff. Therefore, we consider this argument abandoned because a party cannot simply "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

Next, defendant argues that the assignment was unenforceable because it did not assign Quinn's entire cause of action for PIP benefits arising from the subject accident. Relying primarily on *Schwartz v Tuchman*, 232 Mich 345; 205 NW 140 (1925), defendant contends that a partial assignment of a cause of action is unenforceable against the debtor. In *Schwartz*, the plaintiff was assigned the right to receive one-third of the commission payable from a real estate transaction. *Id*. at 347-348. When the party responsible for payment of the commission failed to do so, the plaintiff sought to enforce the assignment in equity. *Id*. at 348. The trial court dismissed the action, concluding that the plaintiff had an adequate remedy at law against the real estate broker that assigned the partial commission to the plaintiff. *Id*. On appeal, the Supreme

---

[1] We recognize our Supreme Court recently ordered oral argument to be scheduled on the insurance company's application, directing it to brief "whether the anti-assignment clause in the defendant's insurance policy precludes the defendant's insured from assigning his right to recover no-fault personal protection insurance benefits to the plaintiff healthcare providers." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, ___ Mich ___ (2018) (Docket No. 157951).

Court observed that, although a partial assignment may be enforceable between the parties to the assignment, the assignee had no legal remedy against a debtor who was not a party to the assignment. *Id.* at 349. The Court explained:

> The reason for the legal doctrine is obvious. The law permits the transfer of an entire cause of action from one person to another, because in such case the only inconvenience is the substitution of one creditor for another. But if assigned in fragments, the debtor has to deal with a plurality of creditors. If his liability can be legally divided at all without his consent, it can be divided and subdivided indefinitely. He would have the risk of ascertaining the relative shares and rights of the substituted creditors. He would have, instead of a single contract, a number of contracts to perform. A partial assignment would impose upon him burdens which his contract does not compel him to bear. [*Id.* at 349-350.]

However, the Supreme Court reasoned that these concerns did not arise in a court of equity, where "the interests of all parties can be determined in a single suit," and "[t]he debtor can bring the entire fund into a court and run no risk as to its proper distribution." *Id.* at 350. Thus, the Court concluded that "partial assignments should be sustained in a court of chancery in all cases where it can be done without detriment to the debtor or stakeholder, whenver [sic] equitable and just results may be accomplished by it." *Id.* (quotation marks and citation omitted).

Defendant's argument is unpersuasive because it ignores subsequent case law stating that "MCR 2.205 has replaced the common-law rule against splitting a cause of action." *United Servs Auto Ass'n v Nothelfer*, 195 Mich App 87, 89; 489 NW2d 150 (1992). Furthermore, defendant's position rests on the notion that Quinn's claim or cause of action is one for allegedly improper nonpayment of *all* no-fault benefits. We disagree.

This case is readily distinguishable from the circumstances presented in *Schwartz*, where the defendant was obligated to make a single commission payment to a third party, and the plaintiff sought to enforce an assignment of a fraction of that payment. *Schwartz*, 232 Mich at 347-348. As the Court explained in *Schwartz*, the partial assignment imposed the burden of multiple creditors and performances upon the defendant—a burden that he did not bargain for when he entered the contract. *Id.* at 349-350. In contrast, under the no-fault act, PIP benefits are payable as loss accrues, MCL 500.3142(1), and become overdue if not paid within 30 days of receipt of reasonable proof of the fact and of the amount of loss sustained, MCL 500.3142(2). In other words, the act contemplates and requires a multitude of performances (i.e., payments) by the insurer, such that the rationale for the limitation set forth in *Schwartz* has no application in the context of PIP benefits required by the no-fault act. In addition, the procedural distinctions between actions in law and equity as described in *Schwartz* have long been abolished in this state. See Const 1963, art 6, § 5; *Fenestra Inc v Gulf American Land Corp*, 377 Mich 565, 593; 141 NW2d 36 (1966). To the extent that a proper disposition of the benefits sought by the healthcare provider requires the presence of an additional party or parties, modern joinder rules provide a method for maintaining a joint cause of action. See *United Servs Auto Ass'n*, 195 Mich App at 89.

As further support for its contention that the assignment at issue in this case amounted to an unenforceable partial assignment of a cause of action, defendant cites various cases that

discuss when an assignee is considered the real party in interest for purposes of bringing a cause of action in his or her own name. Specifically, in *Kearns v Mich Iron & Coke Co*, 340 Mich 577; 66 NW2d 230 (1954), the Court reiterated that Michigan jurisprudence has been "committed to the proposition that, where an assignment is such that satisfaction of the judgment obtained by the assignee will discharge the defendant from his obligation to the assignor, for the purpose of the suit the assignee is the real party in interest and may maintain an action in his own name." *Id*. at 582, quoting *Sharrar v Wayne Savings Ass'n*, 254 Mich 456, 459; 236 NW 833 (1931). According to defendant, because Quinn only assigned her right to recover a limited portion of the allowable expenses potentially available under the no-fault act, the assignment would not relieve defendant of its obligation to Quinn for other benefits. Once again, defendant's argument rests on the mistaken presumption that Quinn's claim can only be viewed as one for all PIP benefits that she may be entitled to recover as a result of her motor vehicle accident, which is inconsistent with MCL 500.3142's requirement of prompt payment of claims as they accrue. Furthermore, MCL 500.3112 contemplates that an insurer may discharge its obligation to the insured with respect to particular benefits that have been incurred by directing payment of those benefits to the party providing PIP services to the injured party. *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 209-210; 895 NW2d 490 (2017). See also MCL 500.3112 (stating that in the absence of written notice by another claiming entitlement to payment, "[p]ayment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments . . . .").

This outcome—the ability of a healthcare provider who has provided services to a party injured in a motor vehicle accident to pursue recovery from the provider as the assignee of the injured party's claim—is further supported by the manner in which the no-fault act addresses assignments. MCL 500.3143 provides that "[a]n agreement for assignment of a right to benefits payable in the future is void." This provision is unambiguous and prohibits only assignments of benefits payable in the future, as opposed to a right to payment of past or presently due benefits. *Professional Rehab Assocs v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998). See also *Shah*, __ Mich App at ___; slip op at 4-5 (SHAPIRO, J., dissenting) ("By not including past due benefits in this statutory prohibition, the Legislature, under the doctrine of *expressio unius est exclusio*[] *alterius*, made clear its intent to adhere to the fundamental principle that assignments of past due benefits are effective and proper."). If this Court were to hold that the assignment at issue in this case was an unenforceable partial assignment, it would effectively render the insured's right to assign a claim for past or presently due benefits meaningless.

## IV. CONCLUSION

In sum, consistent with this Court's recent ruling in *Shah*, we conclude that the anti-assignment clause in defendant's insurance policy is unenforceable as against public policy to the extent that it attempts to restrict the insured's ability to assign an accrued claim. We further conclude that Quinn's assignment to plaintiff was not unenforceable as a "partial assignment."

-6-

We reverse the trial court's order granting defendant's motion for summary disposition and remand for further proceedings consistent with this opinion.[2] We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Jonathan Tukel
/s/ Anica Letica

---

[2] Given our resolution of this issue, we will not address plaintiff's alternative argument concerning the enforceability of the anti-assignment clause under MCL 440.9408.