*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OLEG FINEFTER,

Plaintiff-Appellant,

v

JANE DOE and FARM BUREAU GENERAL
INSURANCE COMPANY OF MICHIGAN,

Defendants-Appellees.

UNPUBLISHED
May 28, 2020

No. 348151
Oakland Circuit Court
LC No. 2018-166477-NI

Before: BECKERING, P.J., and FORT HOOD and SHAPIRO, JJ.

PER CURIAM.

In this first-party no-fault action plaintiff, Oleg Finefter, appeals as of right the trial court's order granting summary disposition in favor of defendant Farm Bureau General Insurance Company of Michigan ("defendant") under MCR 2.116(C)(10). We reverse and remand for further proceedings.

## I. BACKGROUND

Plaintiff alleged in his complaint that on December 3, 2017, he was walking along a roadway and was struck by a motor vehicle driven by an unknown individual. Plaintiff alleged that he suffered a traumatic brain injury, a fractured left foot and ankle, fractured ribs, and chest, elbow, shoulder, and knee injuries. Plaintiff received services and treatment at Theramedic Rehab and Physical Therapy (Theramedic) and assigned his right to payment of no-fault benefits for this treatment to Theramedic.

On June 18, 2018, Theramedic, as plaintiff's assignee, filed a complaint against defendant in the Oakland Circuit Court seeking payment for the treatment and services provided to plaintiff. The case was assigned to Oakland Circuit Court Judge Michael Warren. Two days later, on June 20, 2018, plaintiff filed the instant action in his own name in the Oakland Circuit Court against defendant and "Jane Doe, an individual whose identity is currently unknown." This case was assigned to Oakland Circuit Court Judge Denise Langford Morris. On the first page of his complaint, plaintiff represented that "[t]here is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor

-1-

has any such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 2.113(C)(2)(b)."[1]

Plaintiff's complaint included a negligence claim against Jane Doe and claims against defendant, his no-fault insurer, for underinsured and uninsured motorist coverage, and for first-party no-fault personal protection insurance ("PIP") benefits for losses or expenses for bodily injury arising from the ownership, operation, or use of a motor vehicle. In its answer, defendant denied that Jane Doe was an uninsured motorist and denied that it had unreasonably or wrongfully refused or delayed payment of PIP benefits to plaintiff. Defendant also asserted a number of ordinary and affirmative defenses, including that plaintiff's claim was barred by a prior action, that plaintiff failed to identify a pending action between the same parties arising out of the same transaction or occurrence, that plaintiff's claims are invalid because they are based on an assignment of benefits payable in the future, and that plaintiff's assignments to Theramedic impermissibly split his claims.

On December 10, 2018, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(6) and (10). Noting that plaintiff's complaint in this action was filed days after the Theramedic complaint, defendant argued that this action should be dismissed because of that prior action. Defendant asserted that plaintiff's complaint sought "all allowable no-fault benefits without exception or limitation" and that the complaint "falsely alleges that there are no other pending or resolved civil actions arising out of the same transaction or occurrence as alleged in the complaint." Citing MCR 2.203(A), defendant argued that it "has been unreasonably harassed by a multiplicity of suits. The end result is the very definition of litigious harassment." Defendant also argued that Theramedic, as plaintiff's assignee, acquired the same rights that plaintiff possessed and is "for all intents and purposes, [plaintiff], due to the assignment," that there are no exceptions for no-fault actions, and that the two actions "cannot be allowed to stand."

In the alternative, contemplating that the trial court might deny the motion for summary disposition, defendant objected to the nonjoinder of claims and parties and requested that the court "order the joinder of claims and parties with the Theramedic case, which was filed first."

Two days after the motion for summary disposition was filed, the trial court entered an order scheduling oral argument for February 27, 2019, and requiring that plaintiff's brief in response to the motion be filed and received "no later than **January 30, 2019**." The order further provided: "If a response brief is not filed, the Court will assume that opposing counsel does not have any authority for its respective position, and a written opinion will be issued on or before the scheduled hearing date."

On December 26, 2018, defendant filed a motion to transfer and consolidate this action with the Theramedic action pending before Judge Warren. Defendant noted that Theramedic did not object, but that plaintiff had denied concurrence with the transfer and consolidation. Defendant asserted that MCR 8.111(D) "mandates that the action pending in front of Judge Langford Morris be re-assigned to Judge Warren" and argued that MCR 2.203(A) and MCR 2.205 required that all

---

[1] Plaintiff notes that he was unaware of Theramedic's lawsuit when he filed his own.

of plaintiff's claims against defendant related to the December 3, 2017 accident must be joined in one action.

On the same day that the motion to transfer was filed, plaintiff's counsel sent an e-mail message to defendant's counsel stating: "Please be advised that I am concurring to consolidating. You also filed a MSD recently, please advise if you are going to dismiss it since you were essentially seeking consolidation. So there is no confusion, I am concurring to consolidation, but NOT to the MSD." Two days later, on December 28, 2018, defendant's counsel responded with a proposed stipulated order to transfer, requesting that plaintiff's counsel "review the proposed stip and, if appropriate, indicate approval to sign your name and submit the same to the Court for entry." Plaintiff's counsel responded: "You have permission to sign my name. Please advise if you are going to dismiss the MSD that is currently pending?" Defendant's counsel replied in the affirmative: "We are withdrawing the pending MSD."

On January 2, 2019, the trial court entered the stipulated order for transfer and consolidation, transferring this case to Judge Warren and consolidating it with the Theramedic action. On that same day, however, Judge Warren entered an order in the Theramedic action, denying the motion for transfer and consolidation, first explaining that MCR 8.111 does not require transfer because the two cases have different case codes. Next, Judge Warren held that neither MCR 2.203(A) nor MCR 2.205 required transfer and consolidation. Citing MCL 500.3110(4) and this Court's decision in *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398; 927 NW2d 717 (2018), Judge Warren explained that "[b]ecause each compensable PIP benefit by its nature accrues at its own point in time, and may vary by classification and purpose, each accrued PIP benefit constitutes a separate debt owed by (or PIP claim against) the insurer distinguishable from other debts it may owe." Judge Warren also explained that defendant had not shown that the presence of plaintiff and his claim for PIP benefits beyond the claim he assigned to Theramedic is necessary for resolution of the case before him and held that summary disposition pursuant to MCR 2.116(C)(6) is for Judge Langford Morris to decide, "since it would amount to a dismissal without prejudice of the case pending before her."

On January 17, 2019, defendant's counsel sent an e-mail message to plaintiff's counsel, stating: "This is to confirm that we will be proceeding with the MSD as the Motion and Stipulated Orders to Transfer were denied/rejected." On February 18, 2019, plaintiff's counsel received an e-mail message from defense counsel's legal assistant, directing counsel's attention to "the attached correspondence in the Oleg Finefter matter." Plaintiff asserts, and defendant does not dispute, that the attachment was another copy of the motion for summary disposition previously filed on December 10, 2018. On February 21, 2019, plaintiff's counsel replied to defendant's counsel, requesting a copy of a motion for summary disposition filed in the Theramedic action and stating: "Also, the MSD you filed in this case contained the wrongs [sic] dates of when you filed them. Once you get a hearing date, please send me the notice."

Four days later, on February 25, 2019, the trial court entered its order granting defendant's motion for summary disposition, stating:

> Defendant filed the instant Motion for Summary Disposition. The Court issued a Scheduling Order which required that a Response be filed on or before January 30, 2019. Plaintiff failed to file the required response. Therefore, the Court

after reviewing the Motion, Brief and Exhibits is pursuant to MCR 2.119(E)(2), dispensing with oral argument and having considered the merits and being fully advised in the premises, now issues its Opinion and Order. The Court finds that Summary disposition is appropriate because two actions, involving two Plaintiffs, each as Finefter or in the stead of Finefter, should not be allowed to stand." The court then ruled that defendant's motion for summary disposition "pursuant to MCR 2.116(C)(10) is GRANTED."

Plaintiff filed a motion for reconsideration the next day. Plaintiff recounted the e-mail exchanges with defendant's counsel regarding concurrence with the motion for transfer and consolidation, pointed to defense counsel's statement that "[w]e are withdrawing the pending MSD," and asserted that counsel "detrimentally relied on that statement." Noting the January 17 e-mail from defendant's counsel stating that defendant would proceed with the motion for summary disposition, plaintiff alleged that "Defendant's Counsel willfully lied to Plaintiff's counsel and the Motion for Summary Disposition was never withdrawn." He also explained that when he received another copy of the motion for summary disposition on February 18, he believed the motion had been refiled and he e-mailed defendant's counsel to advise that the dates on the motion were incorrect; at that point, he learned that defendant was proceeding with the original motion for summary disposition and that defendant had not, in fact, withdrawn the motion as planned in December. He asserted that he did not have the opportunity to argue the summary disposition motion and that plaintiff "does not believe that such severe sanctions are warranted."

In his brief in support of the motion for reconsideration, plaintiff treated the order granting summary disposition as a sanction, arguing that "[t]he palpable error in this case is that the harshest sanction available to this court was imposed despite the fact that Honorable Judge Michael Warren denied consolidation and despite Defendant's intentional and willful misrepresentation." Plaintiff also argued that he had not split any claim, that the court rules do not authorize dismissal for failure to join a party, and that defendant "confuses the issue of 'real party in interest' versus 'joinder.' " Citing Judge Warren's decision denying transfer in the Theramedic action, plaintiff argued that claims for multiple PIP benefits do not represent a single debt and that the assignment of the right to sue for a particular PIP benefit is not a partial assignment.

Two days later, the trial court directed defendant to file a response to plaintiff's motion for reconsideration. Defendant asserted in its response that after Judge Warren denied the motion to transfer and consolidate this case with the Theramedic action, plaintiff "was advised that the motion for summary disposition would be proceeding." Defendant noted that a motion for summary disposition had been filed in the Theramedic action asking the court to declare the policy void ab initio based on alleged fraud or material misrepresentation relating to the insurance or loss to which the insurance applies, and defendant argued that if Judge Warren granted that motion the ruling would have res judicata and collateral estoppel effect in this action, but if Judge Warren denied that motion, the same motion would be filed in this case, "which may very well lead to inconsistent results." Noting that MCR 2.116(C)(6) permits the court to dismiss an action where another action has been initiated between the same parties involving the same claim, defendant argued that this action and the Theramedic action involve the same claims and defenses, that the trial court correctly granted summary disposition in this case, and that nothing in plaintiff's motion for reconsideration "demonstrates a palpable error by which the Court and parties were misled." The court denied plaintiff's motion for reconsideration.

Plaintiff now appeals as of right, arguing that the trial court erred by granting defendant's motion for summary disposition and denying his motion for reconsideration.

## II. STANDARDS OF REVIEW

A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8; 840 NW2d 401 (2013). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007). "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). Questions of law are reviewed de novo. *Id.*

A trial court's decision regarding a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019); *Valeo Switches & Detection Sys, Inc v EMCom, Inc*, 272 Mich App 309, 311; 725 NW2d 364 (2006). Defendant moved for summary disposition under MCR 2.116(C)(6) and (10). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. The trial court may grant the motion when there is no genuine issue of material fact, after considering "all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160. "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). Summary disposition may be granted under MCR 2.116(C)(6) where "[a]nother action has been initiated between the same parties involving the same claim." A court deciding a motion under MCR 2.116(C)(6) must consider the affidavits, pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties. MCR 2.116(G)(5).

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting summary disposition and denying his motion for reconsideration on the basis of an erroneous application of Michigan law to the facts of this case. We agree and hold that the trial court erred by granting summary disposition on the ground that "two actions, involving two Plaintiffs, each as Finefter or in the stead of Finefter, should not be allowed to stand."

Preliminarily, the trial court identified MCR 2.116(C)(10) as the basis for granting summary disposition. However, defendant also sought summary disposition under MCR 2.116(C)(6), which provides for summary disposition where "[a]nother action has been initiated between the same parties involving the same claim." The trial court granted summary disposition because it found that "two actions, involving two plaintiffs, each as Finefter or in the stead of Finefter, should not be allowed to stand." Thus, the trial court substantively applied and granted summary disposition under MCR 2.116(C)(6), rather than MCR 2.116(C)(10). Where a trial court grants summary disposition under an incorrect subrule, this Court may review that decision under the correct subrule. See *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 517; 847 NW2d 657 (2014).

"MCR 2.116(C)(6) is a codification of the former plea of abatement by prior action." *Fast Air, Inc v Knight*, 235 Mich App 541, 545; 599 NW2d 489 (1999). The purpose of the plea of abatement was to protect "parties from being harassed by new suits brought by the same plaintiff involving the same questions as those in pending litigation." *Frohriep v Flanagan*, 275 Mich App 456, 464; 739 NW2d 645 (2007), rev'd in part on other grounds 480 Mich 962 (2007). In order to abate a subsequent action under MCR 2.116(C)(6), the two lawsuits must involve the same parties and the same relief must be sought in each action. *Frohriep*, 275 Mich App at 465. MCR 2.116(C)(6) does not apply to bar plaintiff's action in this case because the two actions involve different plaintiffs seeking different relief.

In its motion for summary disposition, defendant argued that "Theramedic is, for all intents and purposes, Finefter, due to the assignment," and that summary disposition is appropriate because there are no exceptions for no-fault actions and the two actions "cannot be allowed to stand." The trial court also treated plaintiff and Theramedic, plaintiff's assignee in the first case, as identical parties, holding that "two actions, involving two Plaintiffs, each as Finefter or in the stead of Finefter, should not be allowed to stand."

Under Michigan law, however, "an assignee of a cause of action becomes the real party in interest with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 412; 875 NW2d 242 (2015). Moreover, plaintiff assigned Theramedic only the right to payment for services provided by Theramedic, while the complaint in this action seeks payment of all PIP benefits under the policy.

Defendant argues that plaintiff's claim is indivisible and plaintiff himself would be precluded from filing separate lawsuits for different portions of his claim for PIP benefits. Neither party cites any Michigan appellate case expressly addressing whether a plaintiff who has assigned a right to payment for specific no-fault benefits may proceed on the remainder of the claim in a separate action. However, we conclude that this Court's decision in *Henry Ford Health Sys*, 326 Mich App 398, compels reversal of the trial court's decision granting summary disposition.

In *Henry Ford Health Sys*, the plaintiff sought payment for medical treatment provided to the defendant's insured following a motor vehicle accident. The insured assigned her right to payment of charges by the plaintiff for treatment arising from the accident and the plaintiff filed suit seeking payment pursuant to the assignment. The defendant sought summary disposition on the grounds that the policy precluded an assignment without the insurer's consent and that the assignment was an invalid partial assignment of only the portion of the insured's claim related to the plaintiff's services, rather than her entire claim. The trial court granted summary disposition, ruling that the plaintiff's complaint was barred by the terms of the policy. *Id.* at 400-401.

On appeal, the defendant argued that the assignment was unenforceable as a partial assignment, citing *Schwartz v Tuchman*, 232 Mich 345; 205 NW 140 (1925). This Court rejected that argument, explaining that in *Schwartz* our Supreme Court held that partial assignments may be upheld in a court of equity whenever " 'equitable and just results may be accomplished by it,' " *Henry Ford Health Sys*, 326 Mich App at 407, quoting *Schwartz*, 232 Mich at 350, that the argument ignored "subsequent case law stating that 'MCR 2.205 has replaced the common-law rule against splitting a cause of action,' " *Henry Ford Health Sys*, 326 Mich App at 407, quoting

*United Servs Auto Ass'n v Nothelfer*, 195 Mich App 87, 89; 489 NW2d 150 (1992), and that "the procedural distinctions between law and equity described in *Schwartz* have long been abolished in this state," *Henry Ford Health Sys*, 326 Mich App at 408.

More significantly, for purposes of the present case, this Court rejected the defendant's argument that the insured's "claim or cause of action is one for allegedly improper non-payment of all no-fault benefits." *Id.* Noting that "under the no-fault act, PIP benefits are payable as loss accrues, MCL 500.3142(1), and become overdue if not paid within 30 days of receipt of reasonable proof of the fact and of the amount of the loss sustained, MCL 500.3142(2)," *id.* at 408, this Court held:

> [T]he act contemplates and requires a multitude of performances (i.e., payments) by the insurer, such that the rationale for the limitation set forth in *Schwartz* has no application in the context of PIP benefits required by the no-fault act . . . . To the extent that a proper disposition of the benefits sought by the healthcare provider requires the presence of an additional party or parties, modern joinder rules provide a method for maintaining a joint cause of action.

Moreover, this Court held that because the no-fault act only prohibits the assignment of the right to payment of future benefits, MCL 500.3143, "[i]f this Court were to hold that the assignment at issue in this case was an unenforceable partial assignment, it would effectively render the insured's right to assign a claim for past or presently due benefits meaningless." *Henry Ford Health Sys*, 326 Mich App at 410. Thus, this Court reversed the order granting summary disposition and remanded to the trial court for further proceedings. *Id.* at 411.

In this case, the trial court granted summary disposition after ruling that "summary disposition is appropriate because two actions, involving two Plaintiffs, each as Finefter or in the stead of Finefter, should not be allowed to stand." This ruling stands in direct contravention of this Court's holding in *Henry Ford Health Sys* that the no-fault act contemplates multiple performances by the insurer and that modern joinder rules provide for the maintenance of a joint cause of action.

Defendant quotes our Supreme Court's decision in *Kosanic v Preferred Auto Ins Co*, 314 Mich 18, 22; 22 NW2d 55 (1946), as holding that " 'since a plaintiff having an entire indivisible demand cannot divide it into distinct parts, and maintain separate actions on it, so he cannot accomplish the same result by an assignment of part of his demand, thereby enabling others to do what he could not do.' " Defendant's reliance on *Kosanic* is misplaced, for two reasons.

First, defendant quotes the *dissenting* opinion of JUSTICE SHARPE, quoting *Jensen v Gamble*, 191 Mich 233; 157 NW 440 (1916). *Kosanic*, 314 Mich at 22. However, in the majority opinion, seven Justices agreed with JUSTICE BOYLES in affirming a judgment for the plaintiff in the third of three lawsuits stemming from the same motor vehicle accident. *Kosanic*, 314 Mich at 25-28. Thus, *Kosanic* does not support defendant's argument in this case. Second, *Kosanic* was decided 26 years before the no-fault act was enacted in 1972, and 17 years before the adoption of GCR 1963, 205.1, which "replaced the common law rule against splitting a cause of action." *Martin v Johnson*, 87 Mich App 342, 346; 274 NW2d 785 (1978).

Defendant also quotes this Court's decision in *Jones v State Farm Mut Auto Ins Co*, 202 Mich App 393, 403; 509 NW2d 829 (1993), as stating that "piecemeal litigation is contrary to the policy of the courts." *Jones* involved a plaintiff who was insured under a policy of automobile insurance issued in Kentucky, but who suffered injuries in an accident in Michigan. *Id*. at 395. After the defendant insurance company denied his claim, the plaintiff brought suit in a Kentucky court. While that case was pending, he filed suit in in the Wayne County circuit court seeking reimbursement of lost wages, medical expenses, and related expenses arising from the accident, in part on the basis of MCL 500.3163(1).[2] *Id*. at 395-396. The Kentucky court granted the defendant's motion for summary disposition, holding that the plaintiff's injuries did not arise from the plaintiff's " 'use of a motor vehicle.' " *Id*. at 395. The Wayne County circuit court then granted the defendant's motion for summary disposition on grounds of res judicata, holding that the Kentucky judgment barred the Michigan action. *Id*. at 396.

The plaintiff appealed, arguing among other things that the defendant had waived "the defense of splitting the cause of action in a subsequent suit based on additional claims" when it failed to object in the Kentucky proceedings to the plaintiff's "nonjoinder of claims on the basis of the Michigan court rules (MCR 2.203[A] ) and Michigan case authority." *Id*. at 402-403. This Court held that the plaintiff cited "no authority for the remarkable proposition that this state's court rules would displace the Kentucky rules of civil procedure[,] *Jones*, 202 Mich App at 403, and then embarked on a discussion of Kentucky law against claim splitting. This discussion is the context for the quotation upon which defendant relies; this Court was quoting two Kentucky decisions, *Overstreet v Greenwell*, 441 SW2d 443, 446 (Ky App, 1969), and *Wenk v Ruby*, 412 SW2d 247, 249 (Ky App, 1967), in its explanation of Kentucky law. *Jones*, 202 Mich App at 403. Thus, defendant's reliance on *Jones* is misplaced.

Defendant correctly observes this Court's decision in *United Servs Auto Ass'n*, 195 Mich App at 89, as supporting the proposition that the defendant bears the burden of objecting to nonjoinder or misjoinder, and notes that it objected to plaintiff's nonjoinder of claims by seeking "consolidation with the *Theramedic* case, which was filed first." However, while it is true that defendant filed a motion to consolidate this case with the Theramedic action pending before Judge Warren, and proposed joinder with the Theramedic action as an alternative form of relief in the motion for summary disposition in this case, neither MCR 2.205 nor this Court's decision in *United Servs Auto Ass'n* provides for summary disposition as the proper remedy for ineffective joinder.

---

[2] At the time, MCL 500.3163(1) provided:

> An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, shall be subject to the personal and property protection insurance system set forth in this act.

This case presents an unusual situation. Although plaintiff failed to respond to the motion for summary disposition by the January 30, 2019 deadline set by the trial court, it is clear that plaintiff had not abandoned his claims. In early 2019, before the trial court entered its decision granting summary disposition to defendant, plaintiff filed two notices of deposition and a witness list. Plaintiff's proclaimed assumption that defendant had withdrawn the original motion for summary disposition as defense counsel confirmed he would do and plaintiff's subsequent understanding that a new motion for summary disposition was being filed is understandable. Moreover, penalizing plaintiff for the failure of joinder is contrary to the language of MCR 2.205, which places the burden of seeking joinder on the defendant, particularly where plaintiff did, indeed, consent to joinder before Judge Warren.

## IV. CONCLUSION

For the reasons stated above, we reverse the trial court's decision granting summary disposition in favor of defendant and remand to the trial court for further proceedings consistent with this opinion. Given our disposition of this issue, we need not consider the other issues plaintiff raises on appeal

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Karen M. Fort Hood