*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MR. SUNSHINE and JASON ANDRICH,

    Plaintiffs-Appellants,

v

DELTA COLLEGE BOARD OF TRUSTEES,

    Defendant-Appellee.

FOR PUBLICATION
October 20, 2022

No. 358042
Saginaw Circuit Court
LC No. 20-043053-CZ

Before: M. J. KELLY, P.J., and CAMERON and HOOD, JJ.

M. J. KELLY, P.J. (*concurring*).

I concur with the majority's decision to affirm summary disposition in favor of defendant. I write separately, however, because I would apply our Supreme Court's raise-or-waive jurisprudence to plaintiffs' unpreserved issue, rather than plain-error analysis. This issue has been simmering in this Court for far too long and needs to be addressed directly in a thorough manner.

Whether an issue is or is not preserved is a threshold question in every appeal that comes before this Court. Preserving an issue for appeal is not particularly onerous. Generally, an issue is preserved for review if it was raised before, addressed, *or* decided by the trial court. *Polkton Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). Thus, if a litigant raises an issue in the trial court, but the trial court does not address it, the issue is preserved. *Wells v State Farm Fire & Casualty Co* 969 NW2d 67 (2022);[1] see also *Klooster v Charlevoix*, 488 Mich 289, 310; 795 NW2d 578 (2011) (stating that "a party should not be punished for the omission of the trial court") (quotation marks and citation omitted).

In criminal cases, the failure to preserve an issue does not preclude appellate review of the unpreserved issued. Instead, such unpreserved issues are reviewed for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

---

[1] Orders from our Supreme Court are binding if they are a final disposition of an application containing a concise statement of the applicable facts and the reason for the decision. See *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012).

"To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, [and] 3) the plain error affected substantial rights." *Id*. at 763. To show that the error affected his or her substantial rights, the defendant bears the burden of showing "prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Yet, even if "a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks, citation, and alterations omitted).

Our Supreme Court has utilized a version of the plain-error standard to unpreserved issues in child protective proceedings. See *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019). In doing so, the Supreme Court noted that "[t]he final requirement of plain-error review is also satisfied 'when the plain, forfeited error resulted in the conviction of an actually innocent defendant,' *Carines*, 460 Mich at 763, which reflects plain error's origin as a rule of federal *criminal* procedure." *Ferranti*, 504 Mich at 29 n 13. The *Ferranti* Court recognized that it had applied the plain-error standard "without explanation" to prior appeals from juvenile proceedings, and it stated that it was applying the plain-error test "here because neither party has argued for a different standard for juvenile proceedings despite the differences between these cases and criminal cases." *Id*.

Our Supreme Court, however, has not expressed any reservations regarding unpreserved issues in civil cases. Instead, in civil cases, it has long applied the raise-or-waive rule. See *Napier v Jacobs*, 429 Mich 222, 232–233; 414 NW2d 862 (1987) (listing cases where the failure to preserve an issue in the trial court precluded appellate review and explaining the rationale for raise-or-waive rule). The raise-or-waive rule and its rationale were succinctly re-articulated in *Walters v Nadell*, 481 Mich 377; 751 NW2d 431 (2008):

> Michigan generally follows the "raise or waive" rule of appellate review. Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court. Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a "failure to timely raise an issue waives review of that issue on appeal."
>
> The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute. [*Id*. at 387-388 (citations omitted).]

See also *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234 n 23; 507 NW2d 422 (1993) (listing cases where the Michigan Supreme Court has declined to consider arguments that were not raised in the trial court and noting that it had "only deviated from that rule in the face of exceptional circumstances.").

Our Supreme Court has continued to apply the raise-or-waive jurisprudence to opinions issued after *Walters*. See, e.g., *Sholberg v Truman*, 496 Mich 1, 6 n 6; 852 NW2d 89 (2014); *In re Baby Boy Doe*, 975 NW2d 486, 489 n 6 (2022); *Wells*, 969 NW2d at 67-68. Moreover, our Supreme Court has chastised this Court for failing to apply the raise-or-waive rule. See *Admire v Auto-Owners*, 494 Mich 10, 17 n 5; 831 NW2d 849 (2013) ("The Court of Appeals erred by considering the implications of the transportation purchase agreement because plaintiff never raised that issue in his complaint or argued it at the trial court. Therefore, the issue was waived."). See also *Baxter v Geurink*, 493 Mich 924 (2013) (reversing this Court's opinion in part because, under the raise-or-waive rule, the plaintiff's failure to raise the issue in the trial court left the issue unpreserved and, therefore, waived).[2]

This Court has not maintained the same degree of consistency. Instead, this Court has applied the raise-or-waive rule in numerous published opinions. See *Miller v Mich Dep't of Corrections*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356430); slip op at 7 (applying the raise-or-waive rule to an unpreserved issue in a civil case); *In re Estate of Huntington*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 354006); slip op at 8-9

---

[2] That is not to say that the Supreme Court has never used a plain-error analysis in a civil case. In *Wischmeyer v Schanz*, 449 Mich 469, 483; 536 NW2d 760 (1995), our Supreme Court stated that "[u]nder MRE 103, we review unpreserved error and reverse only if the substantial rights of a party are affected." The unpreserved issue in *Wischmeyer* was an evidentiary issue. *Id*.

In my view, *Wischmeyer* is not inconsistent with *Napier* and *Walters*. MRE 103 addresses the effect of erroneous evidentiary rulings, the requirements for objecting to the admission of evidence, and the circumstances where an offer of proof may or may not be necessary. MRE 103(a). Relevant to the preservation requirements, MRE 103(d) provides that "[n]othing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court." MRE 103 does not apply to all issues that may be raised in civil litigation; indeed, it is, by its nature, a rule governing the admission of evidence. Accordingly, I read *Wischmeyer* and MRE 103(d) as standing for the proposition that, in all cases, as it relates to unpreserved evidentiary issues, if the issue is reviewed, that review is for plain error affecting substantial rights. Neither *Wischmeyer* nor MRE 103(d) require that the issue be reviewed. Thus, even if an evidentiary issue were not preserved in the trial court, I would apply the raise-or-waive rule from *Walters*. And, were it appropriate to exercise this Court's limited discretion to review unpreserved issues, the standard of review that I would apply would be the plain-error standard required by MRE 103(d) and *Wischmeyer*.

Moreover, even if *Wischmeyer* were inconsistent with *Walters*, I would be bound to follow *Walters*, which was decided by our Supreme Court in 2008, instead of *Wischmeyer*, which was decided in 1995.

(accord); *Soaring Pine Capital Real Estate and Debt Fund II, LLC v Park Street Group Realty Serv, LLC*, 337 Mich App 529, 539-540; 976 NW2d 674 (2021) (accord); *In re Murray*, 336 Mich App 234, 240; 970 NW2d 372 (2021) (accord); *Shah v State Farm Mut Auto Ins Co*, 324 Mich App 182, 192-194; 920 NW2d 148 (2018) (accord); and *Bailey v Schaaf*, 304 Mich App 324, 344-345; 852 NW2d 180 (2014), vacated in part on other grounds 497 Mich 927 (2014) (accord).

In other cases, however, this Court has, without explanation, deviated from the raise-or-waive rule set forth by our Supreme Court in *Napier* and *Walters* to address unpreserved errors in civil cases and instead applied the plain-error rule articulated by our Supreme Court in *Carines* to address unpreserved errors in criminal cases.[3] The majority cites one such case: *Henderson v Dep't of Treasury*, 307 Mich App 1; 858 NW2d 733 (2014). In *Henderson*, this Court stated that because the issue was unpreserved, "plain-error analysis was appropriate." *Id*. at 9. In support, the *Henderson* Court cited two cases involving unpreserved issues in criminal cases: *Carines* and *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011). The *Henderson* Court did not address, even in passing, the reasons that it was relying on Supreme Court precedent that was applicable to unpreserved issues in criminal cases despite the fact that there was binding Supreme Court precedent—i.e., *Walters*, 481 Mich at 387—directing that, in civil cases, "Michigan generally follows the 'raise or waive' rule."

Because this Court is not at liberty to ignore—and is, in fact, bound to follow—the holdings of our Supreme Court, I believe that the *Henderson* Court erred by applying the plain-error analysis instead of the raise-or-waive rule. It is a "fundamental principal that only [our Supreme Court] has the authority to overrule one of its prior decisions." *Paige v City of Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006). Thus, "[u]ntil [our Supreme Court] does so, all lower courts and tribunals are bound by that prior decision and must follow it even if they believe that it was wrongly decided or has become obsolete." *Id*. See also *Pearce v Eaton Co Rd Comm*, 507 Mich 183, 195-196; 968 NW2d 323 (2021) (stating that even after a Supreme Court opinion "has been overruled in part, its holdings left untouched remain binding precedent" and that the Court of Appeals remains bound by those decisions until they have been "*clearly* . . . overruled or suspended . . . .").

Thus, because *Walters* is binding precedent that has not been overruled by our Supreme Court, this Court cannot refuse to follow the rule of law established. Therefore, notwithstanding the split in the Court of Appeals decisions as it relates to the proper manner of addressing unpreserved issues in civil cases, I would hold that we are bound to apply the raise-or-waive rule. I recognize that there is something of a teething period before a standard set down by our Supreme Court establishes deep enough roots in our jurisprudence to be applied consistently and

---

[3] See, e.g., *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000) (citing *Carines* and MRE 103); *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015) (citing *Carines* and *Kern*); *Total Armored Car Service, Inc v Dep't of Treasury*, 325 Mich App 403, 412; 926 NW2d 276 (2018) (citing *Carines* and *Henderson v Dep't of Treasury*, 307 Mich App 1; 858 NW2d 733 (2014)). In my view, each opinion, erroneously relies upon the plain-error standard set forth in *Carines* instead of the Supreme Court's raise-or-waive jurisprudence that is applicable to civil cases.

universally. But that period should have ended long ago. *Napier* and *Walters* were handed down 35 and 14 years ago, respectively.

In this case, I would overlook the preservation requirements because, although unpreserved, plaintiffs' argument is necessary for a proper determination of the case and involves a question of law that may be determined on the existing facts. See *Smith v Foerster-Bolser Const, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). Thereafter, because this is not an evidentiary error, see *Wischmeyer v Schanz*, 449 Mich 469, 483; 536 NW2d 760 (1995); MRE 103(d), I would review de novo the trial court's decision to grant summary disposition, *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 402; 927 NW2d 717 (2018). Under that standard of review, I would affirm the trial court's decision.

/s/ Michael J. Kelly