*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DARTISHA DALENA WILLIS,

Plaintiff-Appellee,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION, also known as
SMART,

Defendant-Appellant,

and

JOHN/JANE DOE,

Defendant.

UNPUBLISHED
September 30, 2024
12:15 PM

No. 367496
Wayne Circuit Court
LC No. 22-003303-NI

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

Defendant, Suburban Mobility Authority for Regional Transportation (SMART), appeals as of right the order granting in part and denying in part SMART's motion for summary disposition. SMART argues the trial court erred in denying its motion under MCR 2.116(C)(10) because plaintiff failed to serve SMART with written notice of a claim pursuant to MCL 124.419. We reverse and remand for entry of summary disposition in favor of SMART.

On December 14, 2021, a driver of a SMART bus allegedly closed the bus doors on plaintiff's arm causing injury. On January 21, 2022, plaintiff's counsel emailed SMART a letter of representation stating that plaintiff had retained counsel after sustaining injuries stemming from the December 14, 2021 incident. On January 26, 2022, plaintiff's counsel faxed SMART a second letter, indicating that SMART was "the insurance company for the negligent driver involved in this accident," and that plaintiff had suffered losses. On March 21, 2022, plaintiff filed a negligence action against SMART, alleging it was vicariously liable for the negligent acts of its

bus driver, who was also named as a defendant (John/Jane Doe). The complaint also made a claim for no-fault benefits.

SMART filed motions for summary disposition pursuant to MCR 2.116(C)(7) and (C)(10). As to the (C)(7) motion, SMART argued that plaintiff could not recover for her claims because she assigned her rights to recover to her medical providers. As to the (C)(10) motion, SMART asserted that the letters of representation did not constitute written notice under MCL 124.419 because (1) the letters did not state the type of claim plaintiff was pursuing as required by *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 714; 822 NW2d 522 (2012), (2) the date of loss contained the incorrect year, and (3) the letters were not properly served on SMART. The trial court granted SMART summary disposition under (C)(7), finding that plaintiff assigned her right to recover to her medical providers. But the trial court denied SMART summary disposition under (C)(10), finding that, while the letters contained mistakes, none were "material enough to the substance of the claim to render the notice inadequate." SMART now appeals the trial court's denial of the (C)(10) motion.

This Court reviews summary disposition rulings de novo. *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 402; 927 NW2d 717 (2018). Under MCR 2.116(C)(10), summary disposition is appropriate "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. In deciding a motion for summary disposition, the court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *American Civil Liberties Union of Michigan v Calhoun Co Sheriff's Office*, 509 Mich 1, 9; 983 NW2d 300 (2022). Issues of statutory construction are also reviewed de novo on appeal. *Detroit v Ambassador Bridge Co*, 481 Mich 29, 35; 748 NW2d 221 (2008).

A motion for summary disposition under MCR 2.116(C)(7) tests whether a claim is "barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). Under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*., government entities are generally immune from tort liability when they are engaged in governmental functions. *Ray v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). To survive a motion for summary disposition under MCR 2.116(C)(7), the plaintiff "must allege facts warranting the application of an exception to governmental immunity." *Smith v Kowalski*, 223 Mich App 610, 616; 567 NW2d 463 (1997). A government, however, may voluntarily subject itself to liability and place conditions or limitations on the liability imposed. *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 714; 822 NW2d 522 (2012). The Metropolitan Transportation Authorities Act of 1967, MCL 124.401 *et seq*., "describes in what manner liability may be imposed on a transportation authority for situations involving the operation of a common carrier for hire." *Atkins*, 492 Mich at 715. Thus, MCL 124.419 is a limitation on SMART's liability, and dictates that a defendant must provide written notice of a claim to the agency within 60 days of the accident.

Whether SMART is a government entity entitled to governmental immunity under the GTLA, is not disputed in this matter. Both parties agree that SMART is a government entity.

Therefore, plaintiff "must allege facts warranting the application of an exception to governmental immunity." *Smith*, 223 Mich App 610, 616. For plaintiff to avoid governmental immunity in this case, she must have provided SMART written notice of any claim within 60 days of the injury. Specifically, MCL 124.419 states:

> All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained and the disposition thereof shall rest in the discretion of the authority and all claims that may be allowed and final judgment obtained shall be liquidated from funds of the authority: Provided, further, That only the courts situated in the counties in which the authority principally carries on its function are the proper counties in which to commence and try action against the authority.

On January 21, 2022, less than 60 days after the December 14, 2021 incident, plaintiff emailed SMART a letter of representation that stated:

> RE: Our Client(s): Dartisha Willis
>
> DOA: December 14, 2022
>
> **Subject: SMART Bus Accident**
>
> Dear Sir/Madam:
>
> Please be advised that we are the attorneys for the above-named client(s) regarding personal injuries sustained in a SMART bus automobile accident occurring on or around **December 14, 2022**, located at Woodward Ave, Detroit, Michigan.
>
> **Please provide us with a copy of the Transit/UD-10/Accident/Police report via fax or email. If there is a cost, please provide a billing invoice for the cost of the report so we may submit payment. Please provide us with a copy of the report as soon as possible.**
>
> If you have any questions, please feel free to contact our office. Thank you.

On January 26, 2022, plaintiff sent SMART a second letter, this time via fax, which stated:

> RE: Our Client(s): Dartisha Willis
>
> Date of Loss: December 14, 2022
>
> Claim No. SMO-22-000032-01

Dear Claims Department:

Please be advised that we have been retained by the above-named client to represent the client for injuries and losses sustained as a result of an accident on the above date. It has been determined through our investigation that you are the insurance company for the negligent driver involved in this accident. Presently, we are investigating the exact nature and extent of our client's injuries and losses.

We hereby claim an Attorneys' Lien for any amounts paid by reason of said accident to our client, whether by settlement, compromise, litigation, or otherwise.

Please provide the name of the Underwriting Company for Policy and a copy of the Declaration Page to the undersigned. **This will serve as acknowledgement of representation of our client.**

Thank you for your anticipated cooperation in this regard.

SMART asserts these letters cannot constitute notice of a claim because they do not specify a cause of action in tort. SMART explains that simply stating facts that could lead to a tort claim is not enough to meet the requirements of MCL 124.419. Furthermore, SMART argues that the incorrect year and the fact that plaintiff served the letters via email and fax also render the notices inadequate. Plaintiff argues that the two letters were both timely and provided SMART with adequate warning and legal notification of a potential claim pursuant to MCL 124.419. She contends the letters state she suffered personal injuries from a bus accident caused by the driver's negligence and clearly indicated that a third-party tort claim would be forthcoming.

The trial court erred in concluding that the content of plaintiff's letters was sufficient to put SMART on notice of a claim against it. The plain language of MCL 124.419 requires written notice of a *claim*, not merely notice of an event or occurrence. *Atkins*, 492 Mich at 720. "A claim is not merely an occurrence; it is a demand for payment pursuant to a legal right as a result of that occurrence." *Id*. "Knowledge of operative facts is not equivalent to written notice of a claim." *Id*. at 720-721. The legislative purpose of the notice is clear: "it requires specific statutory notice of any claim so that a common carrier defendant does not have to anticipate or guess whether a claim will be filed at some point in the future." *Id*. at 721. "Instead, the common carrier must simply be told of the claim within 60 days and through service of a notice." *Id*.

Here, the letters are woefully insufficient to constitute notice of a claim under MCL 124.419. The first letter, dated January 21, 2022, merely informs SMART that plaintiff has retained counsel regarding the personal injuries she suffered in the SMART bus, and requests a copy of the accident report. There is no mention of an impending tort claim or intent to sue. The second letter, dated January 26, 2022, again informs SMART that plaintiff has retained counsel, incorrectly identifies SMART as the bus driver's insurance company, states that the law firm is currently investigating the nature and extent of plaintiff's injuries, claims an attorney's lien on any amounts paid to the plaintiff for the accident, and requests the "name of the Underwriting Company for Policy and a copy of the Declaration page to the undersigned." Finally, the letter states in bold, "This will serve as acknowledgment of representation of our client."

Neither letter constitutes sufficient written notice of a third-party tort claim against SMART under MCL 124.419. Both letters more accurately serve as letters of representation requesting documents in connection with an *investigation* of a potential claim. Merely stating that the law firm is investigating "the exact nature and extent of our client's injuries and losses," is not the same as giving notice of an impending tort claim. Because the statute requires specific notice of a claim, see *Atkins*, 492 Mich at 721, we cannot find that plaintiff's letters constitute adequate notice without mention of a specific impending claim. Thus, we find that plaintiff did not provide written notice of any claim as required to circumvent governmental immunity under MCL 124.419. As such, plaintiff cannot avail herself of the statutory exception to governmental immunity, and her claim must fail.

SMART also argues that it was not properly served with the letters under MCL 124.419. SMART contends that email and fax are not proper methods to effectuate service. Service by email and fax is not contemplated in our court rules. See MCR 2.105(A) (personal service or registered/certified mail). However, because the notice itself is inadequate under MCL 124.419, we need not decide whether the methods of service were adequate under the statute as well.

We reverse the trial court's order denying SMART's motion for summary disposition, and remand for entry of summary disposition in favor of SMART under MCR 2.116(C)(7).

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young