*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOYCE HALL,

        Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant-Appellant,

and

JOHN DOE,

        Defendant.

UNPUBLISHED
April 22, 2025
1:57 PM

No. 369422
Wayne Circuit Court
LC No. 22-014018-NI

Before: MALDONADO, P.J., and CAMERON and YOUNG, JJ.

PER CURIAM.

Defendant appeals, by leave granted,[1] the trial court's order denying its motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (10) (no genuine issue of material fact). We reverse and remand for the trial court to grant summary disposition to defendant.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of plaintiff's claim that a semitruck ran her off the road in Detroit, and she hit a curb and damaged the underside of her car. Plaintiff called the police, but no officers responded. Plaintiff eventually called her niece to pick her up. Plaintiff did not immediately

---

[1] *Hall v Auto Club Ins Assoc*, unpublished order of the Court of Appeals, entered June 6, 2024 (Docket No. 369422).

[2] Because John Doe is not a party to this case, this opinion will refer to appellant as "defendant" for simplicity.

pursue medical treatment, instead opting to wait until a regularly-scheduled doctor's appointment five days later. Plaintiff was treated by her doctor and participated in physical therapy. She was transported to and from therapy by, and received attendant care services from, her niece. Plaintiff called defendant to report her hit-and-run claim two days after the accident, but never provided defendant with any written notice of the accident. Plaintiff also never filed a police report.

Plaintiff filed suit against defendant and the unknown semitruck driver, John Doe. Relevant to defendant, plaintiff alleged claims of breach of contract, declaratory relief, and unpaid uninsured motorist (UM) benefits. Defendant moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that plaintiff was not entitled to benefits because she failed to file a police report within 24 hours of the accident as required by her policy.[3] The language in the policy at issue provides:

> 2. A person claiming Personal Injury Protection Insurance under Part II or Uninsured and Underinsured Motorists Bodily Injury Coverage under Part III must promptly:
>
> * * *
>
> e) under Part III – Uninsured and Underinsured Motorists Bodily Injury Coverage:
>
> 1) make a written report of a hit-and-run accident within 24 hours to local law enforcement;
>
> 2) allow us to inspect the car occupied by the insured person; and
>
> 3) file with us within 30 days written notice of the hit-and-run accident.
>
> 4) If it is shown that it is not reasonably possible to give such notice within the prescribed time as described in 1) and 3) above, notice must be given as soon as it is reasonably possible.

In response to defendant's motion for summary disposition, plaintiff argued she substantially complied with the requirements of the policy, and should be excused from strict performance due to impracticability.

The trial court denied defendant's motion for summary disposition. Specifically, it reasoned that subsection (2)(e)(4) of the policy made no mention of the notice being "written." Since the term "notice" was undefined, the trial court opined its meaning was "something the jury

---

[3] Defendant's motion was silent on the other requirement at issue, which is that plaintiff had to provide written notice of the hit-and-run accident within 30 days.

would contemplate[,]" because the trial court could not "assume" the meaning of the undefined term. Defendant now appeals.

## II. STANDARD OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10)[4] "tests the factual sufficiency of a claim." *El-Khalil*, 504 Mich at 160 (emphasis omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

"Insurance policies are interpreted in accordance with the principles of contract interpretation." *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 433; 773 NW2d 29 (2009). "[W]hether contract language is ambiguous is a question of law that we review de novo." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). Similarly, "the proper interpretation of a contract is also a question of law that we review de novo." *Id*.

## III. ANALYSIS

Defendant argues the trial court erred in denying its motion for summary disposition because there was no genuine issue of fact that plaintiff was not entitled to performance under the policy. We agree.

> "Insurance policies are contracts and, in the absence of an applicable statute, are subject to the same contract construction principles that apply to any other species of contract." Under traditional principles of contract construction, "unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." A contract is ambiguous "if it is equally susceptible to more than a single meaning." [*Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 402-403; 927 NW2d 717 (2018) (citations omitted).]

"Neither [UM] coverage nor UIM [underinsured motorist] coverage is required by Michigan law, and therefore the terms of coverage are controlled by the language of the contract itself, not by statute." *Andreson v Progressive Marathon Ins Co*, 322 Mich App 76, 84-85; 910 NW2d 691 (2017) (quotation marks and citation omitted); see also *Cole v Auto-Owners Ins Co*, 272 Mich App

---

[4] While defendant moved for summary disposition under MCR 2.116(C)(8) and (10), the trial court addressed the motion in the context of a (C)(10) motion. That is, it only considered the issue of whether there remained a genuine issue of material fact. Because defendant's brief on appeal similarly only references MCR 2.116(C)(10), and summary disposition was appropriate under this subsection, we need not address MCR 2.116(C)(8).

50, 55; 723 NW2d 922 (2006). "Therefore, the purpose of the no-fault act, [MCL 500.3101 *et seq*.,] which is to broadly provide coverage for those injured in motor vehicle accidents without regard to fault, does not also apply to uninsured motorist policies." *Cole*, 272 Mich at 55 (citation omitted).

"A condition precedent is a fact or event that the parties intend must take place before there is a right to performance under the contract." *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 483 n 7; 997 NW2d 307 (2022) (quotation marks and citation omitted). Plaintiff's insurance policy had two conditions precedent that she was required to satisfy in order to recover UM benefits: (1) she had to "make a written report of a hit-and-run accident within 24 hours to local law enforcement[,]" and (2) she had to "file with [defendant] within 30 days written notice of the hit-and-run accident." She did not satisfy either requirement. Thus, the only way plaintiff could claim UM benefits from defendant was if she showed that it was not "reasonably possible" to satisfy the conditions precedent as-written, but she eventually managed to provide the "notice"—in the context in which it was defined in the preceding subsections—"as soon as it [was] reasonably possible."

We conclude that the trial court erred in finding that a question of fact[5] remained as to whether plaintiff provided notice as soon as reasonably possible.[6]

> The language of insurance contracts should be read as a whole and must be construed to give effect to every word, clause, and phrase. When the policy language is clear, a court must enforce the specific language of the contract. However, if an ambiguity exists, it should be construed against the insurer. An insurance contract is ambiguous if its provisions are subject to more than one meaning. An insurance contract is not ambiguous merely because a term is not defined in the contract. Any terms not defined in the contract should be given their plain and ordinary meaning, which may be determined by consulting dictionaries. [*McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010) (citations omitted).]

"An ambiguity may either be patent or latent." *Shay v Aldrich*, 487 Mich 648, 667; 790 NW2d 629 (2010). Patent ambiguities "appear[] from the face of the document[,]" while latent ambiguities are those which do not "readily appear in the language of a document, but instead arise[] from a collateral matter when the document's terms are applied or executed." *Id*. at 667-

---

[5] We note that the trial court's determination that the meaning of the term "notice" in the contract was a question of fact for the jury was incorrect. Contract interpretation is a question of law. *Klapp*, 468 Mich at 463. It was the trial court's responsibility to make this legal determination.

[6] Because the trial court only considered the second prong of the policy's requirements, we will only address this issue. We note, however, that the trial court erred in failing to decide the first prong of subsection (2)(e)(4), because both prongs had to be satisfied to warrant relief.

668 (quotation marks and citations omitted).  Because the term "notice" is not ambiguous on its face, we presume the trial court necessarily concluded it was a latent ambiguity.  This was in error.

Subsection (2)(e)(4) explicitly requires that "notice" be given in a specific context: "within the prescribed time as described in 1) and 3)[.]"  Viewed through the lens of subsection (2)(e)(4), "notice," in the context of subsection (2)(e)(1), must be "a written report of a hit-and-run accident within 24 hours to local law enforcement[.]"  Plaintiff's alleged telephone calls to police did not satisfy this burden under subsection (2)(e)(4).  Because plaintiff never made "a written report of [the] hit-and-run accident" to police, she failed to provide the required notice at all, let alone "as soon as . . . reasonably possible."[7]

Reversed and remanded for the trial court to enter an order granting summary disposition to defendant.  We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Thomas C. Cameron
/s/ Adrienne N. Young

---

[7] Because plaintiff failed to adhere to the police-report requirement, and both the police-report and written-notice requirements were mandatory for plaintiff to prevail, we need not address the issue as it relates to the 30-day notice requirement, particularly considering the fact that this was not the basis on which defendant sought summary disposition below.