*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BEVERLY WALTON,

Plaintiff-Appellee,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS,

Defendant-Appellant.

UNPUBLISHED
December 03, 2024
9:44 AM

No. 367975
Wayne Circuit Court
LC No. 22-007769-CD

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

Defendant, the Michigan Department of Corrections (MDOC), appeals as of right an order denying defendant's motion for summary disposition in this action arising out of alleged racial discrimination in the workplace violating the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. Defendant argues that the trial court erred when it denied defendant's motion for summary disposition under MCR 2.116(C)(7) because it did not retroactively apply the Supreme Court's decision in *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023), which requires plaintiffs to strictly comply with the notice provision of the Court of Claims Act (COCA), MCL 600.6431, by filing the requisite written notice of a claim with the Court of Claims. Specifically, MCL 600.6431(1) states that, "Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies." While this case was pending on appeal, a panel of this Court issued for publication *Flamont v Dep't of Corrections*, _____ Mich App ____; ____NW3d____ (2024) (Docket No. 367863), in which it held that *Christie* has full retroactive effect as it applied to the facts of that case. In *Flamont*, the plaintiff filed their complaint prior to the issuance of *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020), where this Court held that plaintiffs were not required to comply with the notice provision of the COCA if the claims were raised in circuit court. Subsequent to *Flamont*, this Court issued its opinion in *Landin v Dep't of Health & Human Servs*, ___ Mich App ___; ___NW3d___ (2024)(Docket No. 367356), where it held that "*Christie* does not apply retroactively to circuit court cases that were in a procedural

posture wherein *Tyrrell*'s interpretation of MCL 600.6431 was the law in Michigan during the one-year notice or filing period following accrual of a claim."

Pursuant to *Landin*, we find that *Christie* does not apply retroactively in the present case because *Tyrrell* was a binding precedent during the notice and filing period in this matter, and we affirm the trial court's denial of defendant's motion for summary disposition.

## I. BACKGROUND FACTS

On January 8, 2019, plaintiff Beverly Walton, a Corrections Transportation Officer employed by defendant, was a passenger in a department van transporting six prisoners to a different facility when the van was involved in a minor accident. Plaintiff was not driving and no injuries were reported at the scene. Police determined the driver of the van was not responsible for the accident. The next day, one of the prisoners reported that he had been was injured in the accident and accused plaintiff of distracting the driver. As a result of this allegation, defendant launched an investigation into plaintiff which concluded on March 11, 2019. Plaintiff was cited with seven rule violations and was suspended for seven days. Defendant denied the prisoner's grievance because it found the van driver was not distracted; however, plaintiff was still suspended. Plaintiff filed an Equal Employment Opportunity Commission (EEOC) complaint against defendant in July 2019. In November 2020, the allegedly injured prisoner filed a lawsuit in federal court against defendant and seven individuals, including plaintiff. Plaintiff was one of two African-Americans named in the lawsuit. Plaintiff and the other African-American employee were informed they would not be represented by defendant, but that defendant would represent the other five employees. On June 29, 2022, plaintiff filed a complaint alleging two counts of violating the ELCRA based on racial discrimination and retaliation.

On July 31, 2023, more than a year after the complaint was filed, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7), arguing the case must be dismissed because plaintiff did not comply with the written notice requirement contained in the COCA, MCL 600.6431, although defendant had not raised this issue as an affirmative defense.[1] Defendant argued that *Christie*, which was decided in May 2023, held that this notice requirement applied to all claims against the state, including those under the ELCRA. Defendant argued that plaintiff did not comply with the COCA's notice requirement within one year of the accrual of her claims and the case must be dismissed because *Christie* applies retroactively, as demonstrated by the Supreme Court's decision in *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66; 993 NW2d 392 (2023), reh den 511 Mich 1038 (2023), which was issued on the same day as *Christie*.

Defendant contended caselaw supported applying *Christie* retroactively because it did not create any new principle of law; rather, it clarified what the COCA required since its inception.

---

[1] Defendant alleges that its affirmative defenses should have put plaintiff on notice of the defense, specifically paragraph 15, which said "Some or all of Plaintiff's claims may be barred by immunities afforded under the Eleventh Amendment and statutory or common law immunity— including qualified immunities." However, for the reasons stated in this opinion, we need not determine whether that affirmative defense placed plaintiff on notice that defendant would defend the case by arguing plaintiff failed to provide written notice pursuant to the COCA.

As noted above, *Christie* overruled then existing precedent in *Tyrrell*, see *Christie*, 511 Mich at 44, which held that plaintiffs were not required to comply with the notice provision of the COCA if the claims were raised in circuit court. Defendant argued that under the three-part prospective application test stated in *Pohutski v Allen Park*, 465 Mich 675; 641 NW2d 219 (2002), *Christie* should still be applied retroactively because plaintiff cannot meet the threshold question of whether the decision in *Christie* clearly established a new principle of law. Defendant argued *Christie* simply returned the law to what it always had been. It also said *Christie* would overcome the three-part test in *Pohutski*, which states the three factors to be weighed are "(1) the purpose to be served by the new rule; (2) the extent of reliance on the old rule; and (3) the effect of retroactivity on the administration of justice." Defendant contended *Christie* applies the clear language of the COCA requirements, that the overruled caselaw was not clear and uncontradicted, and that retroactively applying *Christie* best serves justice.

Plaintiff filed a response to defendant's motion for summary disposition on August 29, 2023. Plaintiff acknowledged that Supreme Court decisions are normally applied retroactively, but also noted that, when injustice might result from a retroactive effect, a more flexible approach has been adopted, and that the test for that issue has been laid out in *Pohutski*. Plaintiff argued *Christie* did amount to a new rule of law because it overruled established precedent in *Tyrrell*. In addition to the published opinion in *Tyrrell*, plaintiff also cited to five unpublished opinions issued between 2018 and 2020, in which this Court declined to allow dismissal of cases filed against the State of Michigan, in circuit courts, where the plaintiffs did not file written notices in the Court of Claims (including claims for violation of the ELCRA and claims for violations of Michigan's Persons with Disabilities Civil Rights Act).[2] Plaintiff also argued the new rule of law satisfied the test for prospective application because of the following: the purpose of the new rule announced in *Christie* was to correct *Tyrrell's* misreading of the statute and to ensure proper interpretation going forward, which would be served by prospective application of *Christie*; there had been extensive reliance on the old rule; and retroactive application would harm blameless plaintiffs who followed the law under *Tyrrell*. Plaintiff noted that the court in *Kerchen v Raphalides*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued August 2, 2023 (Case No. 22-CV-12492), rev'd in part, 100 F4d 751 (CA 6, 2024), was presented with this same issue and concluded that *Christie* should not be applied retroactively when the plaintiffs relied on *Tyrrell*. The *Kerchen* court found that *Christie* announced a new rule of law by overturning *Tyrrell*, that both courts and parties had relied on *Tyrrell*, and that under the *Pohutski*

---

[2] Plaintiff cited the following unpublished cases: *Mays v Governor*, unpublished per curiam opinion of the Court of Appeals, issued May 8, 2018 (Docket No. 338609), *Carter v Mich State Police*, unpublished per curiam opinion of the Court of Appeals, issued February 21, 2019 (Docket Nos. 341349 and 341594), *Christie v Wayne State Univ*, unpublished per curiam opinion of the Court of Appeals, issued January 28, 2021 (Docket No. 350321) (reversed by *Christie*, 511 Mich at 65), *Deitert v Univ of Mich Bd of Regents*, unpublished per curiam opinion of the Court of Appeals, issued August 26, 2021 (Docket No. 349059), and *Zarza v Univ of Mich Bd of Regents*, unpublished per curiam opinion of the Court of Appeals, issued May 27, 2021 (Docket No. 352926).

test, limited retroactive application of *Christie* was justified. Plaintiff argued an entire class of litigants would be denied relief simply because of timing.

A hearing was held on defendant's motion for summary disposition on September 20, 2023. Both parties summarized the arguments made in their respective briefs. It was undisputed that plaintiff did not comply with the notice requirement of the COCA. Defendant acknowledged that *Tyrrell* was a binding precedent when it was decided, regardless of whether it was correctly decided. The trial court denied defendant's motion for summary disposition, holding that *Christie* implemented a new rule of law and, based on the *Pohutski* test, an unfair result would occur if *Christie* were applied retroactively. The trial court noted that it seemed "awfully unfair . . . to the hundreds of litigants who relied upon a law that may or may not have been correct, but relied upon it nonetheless," and that defendant was not seeking justice by advocating for *Christie* to be read retroactively. Subsequently, the trial court entered an order denying defendant's motion for summary disposition on September 22, 2023. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews summary disposition rulings de novo. *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 402; 927 NW2d 717 (2018). In reviewing this matter, the evidence must be viewed in the light most favorable to the nonmoving party. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A motion for summary disposition under MCR 2.116(C)(7) tests whether a claim is "barred because of immunity granted by law" and requires courts to consider all of the documentary evidence filed or submitted by the parties. *Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010). To survive a motion for summary disposition under MCR 2.116(C)(7), the plaintiff "must allege facts warranting the application of an exception to governmental immunity." *Smith v Kowalski*, 223 Mich App 610, 616; 567 NW2d 463 (1997). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effects of the facts, whether the claim is barred is an issue of law for the court." *Doe v Gen Motors, LLC*, 511 Mich 1038, 1039; 992 NW2d 275 (2023).

### B. FLAMONT

On October 4, 2024, this Court published its opinion in *Flamont*. The female plaintiff worked as a corrections officer at Huron Valley Correctional Facility and alleged that she was repeatedly required to work excessive overtime hours that similarly situated male corrections officers were not required to work, and that she was damaged as a result. She filed a complaint in 2019 alleging sex discrimination pursuant to the ELCRA, MCL 37.2101, *et seq*., but as in the present case, she did not file written notice of the claim in the Court of Claims.

> It is undisputed that plaintiff had not filed in the Court of Claims the notice described in MCL 600.6431(1), which states in relevant part that "a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies." [*Flamont*, ___ Mich App at ___; slip op at 2.]

-4-

The defendant moved for summary disposition pursuant to MCR 2.116(C)(7), on the basis that the plaintiff failed to file the requisite written notice with the Court of Claims. The defendant argued that the holdings in *Christie* and *Elia* should be applied retroactively which was fatal to the plaintiff's claims in that case. The trial court disagreed with the defendant and held that the holding in *Christie* was not retroactive. The defendant appealed, arguing that the trial court erred in holding that *Christie* was not retroactive.

This Court began its analysis by stating the general rule, that judicial decisions are given retroactive effect, but also noted the exceptions to that rule.

> We begin our analysis with the "general rule" that "judicial decisions are given full retroactive effect." *Pohutski v City of Allen Park*, 465 Mich. 675, 695, 641 N.W.2d 219 (2002). "Rules determined in opinions that apply retroactively apply to all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the appellate court's] announcement of the rule[s]." *McNeel* [*v Farm Bureau Gen Ins Co of Mich*], 289 Mich App [76] at 94, 795 N.W.2d 205 [2010] (quotation marks and citation omitted; second alteration in original). Our Supreme Court has indicated that a "more flexible approach" is appropriate if "injustice might result from full retroactivity" and that "a holding that overrules settled precedent *may* properly be limited to prospective application." *Pohutski*, 465 Mich. at 696, 641 N.W.2d 219 (emphasis added). "Rules determined in opinions that apply prospectively only . . . not only do not apply to cases still open on direct review, but do not even apply to the parties in the cases in which the rules are declared." *McNeel*, 289 Mich App at 94, 795 N.W.2d 205.

> Our Supreme Court has stated the test in Michigan for resolving the question of a judicial decision's retroactivity as follows:

> > "[T]here is a 'threshold question whether the decision clearly establishe[s] a new principle of law.' If a decision establishes a 'new principle of law,' we then consider three factors: '(1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect of retroactivity on the administration of justice.' [*League of Women Voters of Mich. v Secretary of State*, 508 Mich. 520, 565-566, 975 N.W.2d 840 (2022), quoting *Pohutski*, 465 Mich. at 696, [641 N.W.2d 219] (second alteration in original).]"

> Regarding the threshold question whether a court's decision constitutes a new rule of law, "[a] rule of law is *new* for purposes of resolving the question of its retroactive application . . . either when an established precedent is overruled or when an issue of first impression is decided which was not adumbrated by any earlier appellate decision." *League of Women Voters*, 508 Mich. at 566, 975 N.W.2d 840 (ellipsis in original). "If the decision does not announce a new principle of law, then full retroactivity is favored." *Mich. Ed. Employees Mut. Ins. Co. v Morris*, 460 Mich. 180, 190, 596 N.W.2d 142 (1999). Thus, "the first criterion that must be determined in deciding whether a judicial decision should

receive full retroactive application is whether that decision is establishing a new principle of law, either by overruling clear past precedent on which the parties have relied or by deciding an issue of first impression where the result would have been unforeseeable to the parties." *Id*. [*Id*. at ___; slip op at 3-4.]

The *Flamont* Court then examined whether *Christie* made new law by examining *Tyrrell*, a 2020 opinion in which the Court of Appeals affirmed the trial court's denial of a motion for summary disposition where the plaintiff had filed a civil rights action in circuit court without filing a written notice in the Court of Claims, which held that " 'the Legislature intended for MCL 600.6431(1) to apply only to claims brought in the Court of Claims.' " *Id*. at ___; slip op at 4-5, quoting *Tyrrell*, 335 Mich App at 269. Ultimately, the Court concluded that the holding in *Christie* was retroactive as it applied to the facts of *Flamont*, reasoning:

> In *Christie*, our Supreme Court clearly declared the meaning of the law as it existed, based on the unambiguous statutory language, and corrected a relatively short-lived misinterpretation of the law that had "served to thwart the legislative intent and the mandated result." *Id*. at 196-197, 596 N.W.2d 142 (quotation marks and citation omitted). Therefore, because the holding in *Christie* did not constitute a new rule, it has full retroactive effect and therefore applies in the present case. [*Id*. at ___; slip op at 6.]

## C. LANDIN

In *Landin*, the plaintiff filed a complaint in circuit court in May 2022, against her employer, the Department of Health and Human Services (DHHS) alleging that the defendant had discriminated against and harassed her on the basis of her race, in violation of the ELCRA, MCL 37.2101 *et. seq*. Shortly after the release of *Christie*, the defendant moved for summary disposition on the basis that the plaintiff had failed to file a notice with the Court of Claims, and the trial court granted the motion, based upon its application of the facts of the case to the analysis contained in *Christie* and a second opinion released contemporaneously, *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66; 993 NW2d 392 (2023).

This Court started its analysis in *Landin* by acknowledging that the threshold question is whether *Christie* established a new principle of law, citing *League of Women Voters of Mich*, 508 Mich at 564-565. "[W]e conclude that the holding in *Christie* that a party suing the state must comply with MCL 600.6431(1) even if the action is pursued in circuit court constituted a new rule or principle of law as to those cases filed when the holding in *Tyrrell* constituted binding precedent." *Landin*, ____ Mich App at ___; slip op at 5-6. In support of its holding, the Court explained that the precedent in *Tyrrell* was clear – there was no need to comply with MCL 600.6431(1) when filing a complaint against the state in a circuit court. Likewise, the Court noted, *Christie* was just as clear when it held that MCL 600.6431 must be complied with regardless of whether the complaint is filed in circuit court. "The distinction between these two holdings was not vague, hazy, or indefinite; rather *Christie* reflected a 180-degree change in the law, in relation to the governing law defined in *Tyrrell*." *Id*. at ___; slip op at 6 (footnote omitted).

The *Landin* Court then turned to the examination of the three factors recited in *League of Women Voters*: "(1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect of retroactivity on the administration of justice." *Id*. at ___; slip op at 5. Regarding the first factor (purpose to be served), the *Landin* Court observed that the *Christie* Court had not "specifically engage[d] in an assessment of the purpose to be served by its ruling outside of simply determining the intent of the Legislature and giving effect to that intent," and said the Supreme Court did explain that the " '[N]otice requirements ensure that the proper state entity learns about a potential claim, can prepare for litigation, and can created reserves to cover potential liability.' " *Id*. at ___; slip op at 6, quoting *Christie*, 511 Mich at 63-64. Regarding the second factor (reliance on the old rule), "given that *Tyrrell* was a published opinion and represented binding precedent squarely regarding the necessary steps to take or not to take when suing the state or state entities in circuit court, see MCR 7.215(C)(2) and (J)(1), the extent of the reliance by plaintiff and other similarly-situated plaintiffs on the old rule was extremely significant." *Id*.; slip op at 6. Regarding the third factor (effect of retroactivity on the administration of justice), the Court concluded that it strongly favored the plaintiff. "The administration of justice would not be served and would in fact be circumvented wholesale by punishing plaintiff with the wholesale loss of her cause of action – without consideration of its merits – when she did nothing more than abide by the law as set forth during the pertinent timeframe by this Court in its opinion in *Tyrrell*, a case directly and indisputably on point at this time." The Court also clarified, "This would also be the case in regard to plaintiffs in other suits against the state who were in a similar posture and relied on *Tyrrell* to guide their actions." *Landin*, ____ Mich App at ___; slip op at 7.

In the present case, the timeline of events is very similar to *Landin* and distinguishable from *Flamont*. The plaintiff in *Landin* filed her case in May 2022. The present case was filed one month later, in June 2022. The plaintiff in *Flamont* filed her case in 2019, prior to the publication of *Tyrrell*, which occurred in May of 2020, meaning that she could not possibly have relied upon *Tyrrell*. In contrast, in the instant case, from the time that plaintiff became a defendant in the civil action filed by the prisoner (i.e., the passenger who claimed to have been injured in the subject motor vehicle accident), which occurred in November of 2020, to the time that plaintiff filed the present case in June of 2022, *Tyrrell* was a binding precedent that stood for the proposition that plaintiff was not required to file notice with Court of Claims. Had plaintiff been required to file a notice in this matter pursuant to MCL 600.6431, it would have been due by either May of 2021 or November of 2021, depending upon whether the claim was determined to be one for personal injury or otherwise. *Tyrrell* was a binding precedent during that entire period of time and remained so for almost a year after plaintiff's complaint was filed.[3] It would be incongruous for this Court to hold that the decision in *Christie* will not be given retroactive effect in *Landin*, because the plaintiff in *Landin* relied upon *Tyrrell*, and then hold that the decision in *Christie* will be given retroactive effect in the present case where plaintiff filed her complaint one month after the plaintiff in *Landin*. Put another way, if *Christie* announced a new rule of law as to a plaintiff who relied on *Tyrrell* in May of 2022 (i.e., the plaintiff in *Landin*), then it likewise announced a new

_____

[3] We also note that *Flamont* makes no reference to any cases in which a plaintiff relied upon *Tyrrell*, presumably because that issue was not presented in *Flamont*, i.e., any reference in *Flamont* to such a situation would have constituted dicta.

rule of law as to a plaintiff who relied upon *Tyrell* in June of 2022 (i.e., plaintiff in the present case), which was 11 months prior to the Michigan Supreme Court's decision in *Christie*.

In summation, as previously noted, among the situations in which a new rule of law is new for the purposes of resolving the question of its retroactive application are those where an established precedent upon which the parties have relied is overruled. *Mich Ed Employees Mut Ins Co*, 460 Mich at 190. The plaintiff in *Flamont* could not argue that *Christie* overruled a precedent upon which she relied. In stark contrast, *Christie* overruled a precedent upon which both the plaintiff in *Landin* and plaintiff in the present case relied, which was *Tyrrell*. As the Supreme Court noted in *Pohutski*, although its holding was based on what it perceived to have been the intent of the legislature, because of its contrary interpretations of the law, the Supreme Court's ruling in *Pohutski* was "akin to the announcement of a new rule of law," which is why it was to be applied prospectively. *Pohutski*, 465 Mich at 696.

For these reasons, we find that the trial court did not err when it denied defendant's motion for summary disposition brought under MCR 2.116(C)(7).

## D. WAIVER, LACHES, AND UNCLEAN HANDS

Plaintiff also argues that defendant's litigation conduct waived any claim of sovereign immunity and that the doctrines of laches and unclean hands bar defendant from asserting sovereign immunity to dismiss the case. However, since we find that the trial court did not err when it denied defendant's motion for summary disposition, we need not decide those issues.

## III. CONCLUSION

Because the facts of the present case are nearly identical to *Landin*, and are distinguishable from *Flamont*, we hold that *Christie* is not to be applied retroactively in this case in which plaintiff relied upon *Tyrrell*. We affirm the trial court's order denying defendant's motion for summary disposition.

/s/ Kathleen A. Feeney
/s/ Randy J. Wallace

-8-